[No. 32056-8-II.   Division Two.   July 26, 2005.]

FINN HILL MASONRY, INC., *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*LaVaune Cowl, corporate treasurer*, for appellant.

*Robert M. McKenna, Attorney General*, and *Nancy A. Kellogg, Assistant*, for respondent.

¶1 BRIDGEWATER, J. — Finn Hill Masonry, Inc., appeals the superior court's order affirming an order of the Board of Industrial Insurance Appeals, which found violations of the Washington Industrial Safety and Health Act of 1973, chapter 49.17 RCW. We affirm. We also hold that the Department of Labor and Industries waived its objection to pro se representation of the corporation by not objecting to one of the corporate officers representing itself, pro se, in superior court and on appeal.

## Pro Se Corporate Representation

¶2 The Department of Labor and Industries (Department) cited Finn Hill for safety violations. Finn Hill ap-

pealed to the Department and the Department affirmed the citations after a hearing. Finn Hill then appealed the citations to the Board of Industrial Insurance Appeals. It too held a hearing. From that hearing, Finn Hill appealed to the superior court and then to this court. We discuss the nature and substance of the citations in the unpublished portion of our opinion.

¶3 At each stage of the proceedings, a lay person rather then a licensed attorney represented Finn Hill. Finn Hill's representative was the corporate treasurer. Two days before oral argument before this court, the Department filed a statement of additional authorities indicating that corporations must be represented by an attorney. The Department had not raised this issue in superior court. Nor had it filed a motion to strike Finn Hill's brief or to prohibit the argument by the nonlawyer before us. Neither side has briefed the issue apart from the supplemental authority the Department filed.

¶4 At the Department level, where the first appeals from the citations occurred, and when the matter is appealed to the Board of Industrial Insurance Appeals, a corporation may have a lay person represent it. WAC 263-12-020(3). But during appeals to the superior or appellate court, a corporation must be represented by an attorney. At that level of appeal, the rules permitting pro se representation do not apply to corporations. *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wn. App. 697, 701, 958 P.2d 1035 (1998), *review denied*, 137 Wn.2d 1020 (1999).

¶5 Had the Department raised the matter in superior court, we assume that the court would have struck the pleadings and allowed Finn Hill time to obtain counsel. As well, if the Department had appropriately raised the issue before us, we would probably have struck the brief and allowed Finn Hill time to obtain counsel. But, the Department did not timely raise the matter. It filed no motion to strike or even to prohibit oral argument before us. Additionally, its supplemental authorities were not filed until

two days before oral argument, despite the fact the case it relies on was decided in 1998. Even at oral argument, the Department did not move for any prohibitions. Although the Department has not briefed the matter, we address it because of the supplemental authorities filed and the obvious requirement of counsel in court proceedings for corporations.

¶6 Because lay representation is permitted at the Department and Board levels and the Department did not contest lay representation in either the superior or the appellate court, we hold that the Department has waived any claim of inappropriate representation. Because the Department, even if unintentionally, lulled Finn Hill into presuming that it did not require an attorney, remedial action on our part, sua sponte, at this stage would be inappropriate and unfair to Finn Hill.

¶7 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

¶8 Affirmed.

HOUGHTON and VAN DEREN, JJ., concur.

Review denied at 156 Wn.2d 1032 (2006).