[No. 60751-1-I.   Division One.   October 13, 2008.]

BIOMED COMM, INC., *Appellant*, v. THE DEPARTMENT OF HEALTH, BOARD OF PHARMACY, *Respondent*.

---

930

*Todd W. Wyatt* (of *Salter Joyce Ziker*), for appellant.

*Robert M. McKenna, Attorney General,* and *Dorothy H. Jaffe, Assistant,* for respondent.

¶1 Cox, J. — In an appeal of an administrative agency decision, a court may strike a pleading of a corporation that is not signed by an attorney, provided the court gives the

corporation a reasonable time to correct the error.[1] A superior court obtains appellate jurisdiction under the Administrative Procedure Act when the appellant files a petition for review with the court and serves "the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order."[2] Here, the Department of Health Board of Pharmacy does not argue that Biomed Comm, Inc., failed to timely file and serve its petition for review of the agency decision. But the superior court dismissed the petition with prejudice without giving Biomed any opportunity to cure by having an attorney sign its petition within a reasonable period of time. We reverse.

¶2 The material facts are undisputed. Barbara Brewitt, PhD, operated Biomed, a homeopathic drug business, for approximately nine years. In 2005, Biomed applied to the Board for a drug manufacturing license. In response to the application, the Department of Health made several technical assistance visits to Biomed. The visits revealed that Biomed, among other things, was already manufacturing drugs without a license. Based on this and other information, the Board issued a statement of charges alleging that Biomed engaged in unlicensed drug manufacturing, contrary to state and federal law.

¶3 Following an administrative hearing on the charges, the Board issued findings of fact, conclusions of law, and a final order on April 23, 2007. The order denied Biomed's application for a license and, as a sanction, prohibited

---

[1] *Finn Hill Masonry, Inc. v. Dep't of Labor & Indus.*, 128 Wn. App. 543, 545, 116 P.3d 1033 (2005); *see Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wn. App. 697, 700-01, 958 P.2d 1035 (1998) (Trial court properly entered default judgment against a corporation where the corporation filed pleadings signed by a nonattorney and, after the court struck them and granted corporation 20 days to file pleadings signed by an attorney, the corporation failed to correct the defective pleadings.); *see also Griffith v. City of Bellevue*, 130 Wn.2d 189, 194, 922 P.2d 83 (1996) (holding that a timely application for a writ of certiorari that contains a verification lacking a signature should be dismissed under CR 11 only where the appellant fails to sign the verification promptly after the omission is called to his attention).

[2] RCW 34.05.542(2); *City of Seattle v. Pub. Employment Relations Comm'n*, 116 Wn.2d 923, 926-27, 809 P.2d 1377 (1991).

Biomed from applying for a license to manufacture drugs in Washington for 10 years.

¶4 Biomed filed and served its petition for review of the Board's order on May 22, 2007. Brewitt, who is not an attorney, signed the petition.

¶5 The Board moved to strike the petition on the basis that it was signed in violation of Civil Rule 11(a), arguing that pleadings of corporations in court proceedings must be signed by an attorney. Because no attorney signed the petition for review, the Department sought dismissal of the petition with prejudice.

¶6 The court granted the motion, dismissing Biomed's petition with prejudice. The court also denied Biomed's subsequent motion for reconsideration.

¶7 Biomed appeals.

## APPELLATE JURISDICTION

¶8 Biomed argues that the superior court abused its discretion by dismissing its petition for review with prejudice. We agree.

¶9 The Washington Administrative Procedure Act (APA), chapter 34.05 RCW, governs judicial review of agency decisions.[3] An appeal from a final order of an administrative agency invokes the appellate, rather than general, jurisdiction of the superior court.[4] The superior court obtains appellate jurisdiction over an appeal from an agency decision when the appellant timely files a petition for review in the superior court and serves the petition on all parties.[5] Both service and filing must be accomplished

---

[3] RCW 34.05.570; *Tapper v. Employment Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993).

[4] *Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 555, 958 P.2d 962 (1998).

[5] *City of Seattle*, 116 Wn.2d at 926-27; RCW 34.05.542(2).

within "thirty days after service of the final order."[6] Where a court lacks subject matter jurisdiction in a case, dismissal is the only permissible action the court may take.[7]

¶10 Because a corporation can act only through its agents, it must be represented by an attorney in legal proceedings in court.[8] Interpretation of court rules and the question of whether the superior court has subject matter jurisdiction are questions of law that we review de novo.[9]

¶11 Here, the sole basis for the court's order of dismissal with prejudice of the petition for review was Biomed's failure to have an attorney sign its petition. Specifically, the court decided that this failure was a violation of Superior Court CR 11, which states in relevant part:

(a) Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in the attorney's individual name, whose address and Washington State Bar Association membership number shall be stated. A party who is not represented by an attorney shall sign and date the party's pleading, motion, or legal memorandum and state the party's address. . . . *If a pleading, motion, or legal memorandum is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or*

---

[6] RCW 34.05.542(2).

[7] *Skagit Surveyors*, 135 Wn.2d at 556.

[8] *Finn Hill*, 128 Wn. App. at 545; *Lloyd Enters.*, 91 Wn. App. at 701.

[9] *Spokane County v. Specialty Auto & Truck Painting, Inc.*, 153 Wn.2d 238, 244, 103 P.3d 792 (2004); *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997).

*legal memorandum, including a reasonable attorney fee.*[10]

While the court relied on this rule, it is unclear from its order whether the court based its dismissal with prejudice on the first or second of the two emphasized provisions that we quoted above. We note that the court's conclusion of law 2.3 refers to both of these two provisions without stating whether it relied on either or both.[11] But if the order of dismissal with prejudice was a sanction under the second of these provisions, the order fails to reflect any consideration of whether dismissal was the least severe sanction adequate to serve the purpose.[12]

¶12 In any event, for purposes of our analysis, the court's reference to both provisions in CR 11 is not dispositive. Although dismissal of the corporation's petition for the lack of an attorney's signature was a proper exercise of discretion, the failure to provide a reasonable opportunity to cure that defect after entry of that order was not.

¶13 Biomed had 30 days from April 23, 2007, the date of mailing of the Board's decision, to file and serve a petition for review. Biomed did so on May 22, 2007, one day before the time period for filing its appeal expired. Its petition stated, "Petitioner Representative Biomed Comm, Inc., pro

---

[10] (Emphasis added.)

[11] Conclusion of law 2.3 states:

> When a pleading is not properly signed, it must be stricken, "unless it is signed promptly after the omission is called to the attention of the pleader." CR 11(a). If a pleading is signed in violation of this rule, the trial court has the discretion to impose an appropriate sanction on the party who signed it. CR 11(a).

Clerk's Papers at 114.

[12] *See Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 225, 829 P.2d 1099 (1992) (" '[T]he least severe sanctions adequate to serve the purpose should be imposed.' " (quoting William W. Schwarzer, *Sanctions Under the New Federal Rule 11-A Closer Look*, 104 F.R.D. 181, 201 (1985))); *In re Firestorm 1991*, 129 Wn.2d 130, 143, 916 P.2d 411 (1996) (reversing trial court's sanctions where record did not reveal whether court considered any lesser sanction and court did not follow guidelines set forth in *Fisons*); *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 355-56, 858 P.2d 1054 (1993) (outlining principles to guide a court's determination of appropriate sanctions).

se" and was signed by Barbara Brewitt. Brewitt is the Biomed board chair but is not an attorney.

¶14 Two Washington cases address how a court should treat such a pleading. In *Finn Hill Masonry v. Department of Labor & Industries*,[13] a corporation appealed an order of the Board of Industrial Insurance Appeals to the superior court, which affirmed the board's decision.[14] Finn Hill appealed to the court of appeals.[15] On appeal, the department argued, for the first time, that Finn Hill's appeal should be dismissed. The argument was based on the fact that Finn Hill was a corporation, it was not represented by an attorney in superior court or court of appeal proceedings, and case authority requires attorneys to represent corporations in court proceedings.[16] Citing this court's opinion in *Lloyd Enterprises, Inc. v. Longview Plumbing & Heating Co.*,[17] Division Two noted that in appeals to superior court and the court of appeals a corporation must be represented by an attorney.[18] It then went on to state that it assumed that, had the department raised the issue in superior court, "the court would have struck the pleadings and *allowed Finn Hill time to obtain counsel*."[19] However, because the department had failed to raise the issue below and failed to do so until it provided supplemental authority to the court of appeals two days before oral argument, the court rejected the department's argument.[20]

¶15 In *Lloyd Enterprises*, this division addressed the same question. There, a corporation was a party to an

---

[13] 128 Wn. App. 543, 116 P.3d 1033 (2005).

[14] *Id.* at 545.

[15] *Id.*

[16] *Id.*

[17] 91 Wn. App. 697, 958 P.2d 1035 (1998).

[18] *Finn Hill*, 128 Wn. App. at 545.

[19] *Id.* (emphasis added).

[20] *Id.* at 546.

action in superior court.[21] A corporate officer who was not an attorney signed the pleadings.[22] The opposing party moved to strike all pleadings signed by the officer.[23] The trial court granted the motion but gave the corporation 20 days to file an answer signed by an attorney for the corporation.[24]

¶16 On appeal, this court acknowledged the rule of practice in Washington that generally requires individuals who represent others to be licensed attorneys.[25] And the court also cited the common law rule that requires corporations, which are artificial entities, to be represented by attorneys in court proceedings.[26] Our court then concluded that striking of the pleading signed by the corporate officer was proper under CR 11. But our court also noted that the corporation had been given extra time to correct the defect.[27]

¶17 Significantly, in discussing the propriety of striking the pleading signed by the corporate officer, the *Lloyd Enterprises* court quoted CR 11.[28] CR 11(a) states:

> Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in the attorney's individual name, whose address and Washington State Bar Association membership number shall be stated. A party who is not represented by an attorney shall sign and date the party's pleading, motion, or legal memorandum and state the party's address. . . . *If a pleading, motion, or legal memorandum is **not signed**, it shall*

---

[21] *Lloyd Enters.*, 91 Wn. App. at 699.

[22] *Id.* at 699-700.

[23] *Id.* at 700.

[24] *Id.*

[25] *Id.* at 701.

[26] *Id.*

[27] *Id.* at 702.

[28] *Id.* at 701-02.

*be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.*[29]

¶18 These two cases make clear that pleadings of a corporation in a court proceeding must be signed by an attorney. They also make clear that CR 11 is a proper basis for striking the pleading of a corporation that is not signed by an attorney. However, both cases permitted the corporations reasonable amounts of time to cure the defect once it was brought to the attention of the corporations. Lastly, *Lloyd Enterprises* indicates by its quotation of a portion of CR 11 that a corporate pleading that is not signed by an attorney representing the corporation should be treated as "unsigned" under that rule.

¶19 In this case, the Department moved to strike the petition for review on August 31, arguing that the signature violated CR 11. Biomed responded on September 13, and the court signed an order dismissing the petition with prejudice on September 21, 2007. The order contains no provision to allow Biomed to cure the signature defect.

¶20 Thus, the issue is whether the superior court lost appellate jurisdiction where a timely petition for review of the agency lacked the signature of an attorney for the corporate appellant. We hold that the superior court did not lose jurisdiction and should have given the corporation a reasonable amount of time after entry of its order to cure the defect.

¶21 In its order, the court relied heavily on *Gonzales v. Wyatt*,[30] a federal case that construes Federal Rule of Civil Procedure 11(a) and Federal Rule of Appellate Procedure 4(a). There, a nonattorney in a federal prison submitted an unsigned complaint for a section 1983 action on behalf of Raul Gonzales, another prisoner in a different federal facility.[31] Communication between the clerk's office and

---

[29] (Emphasis added.)

[30] 157 F.3d 1016 (5th Cir. 1998).

[31] *Id.* at 1018.

Gonzales ultimately resulted in him submitting a signed complaint, albeit after the running of the applicable statute of limitations in Texas for a section 1983 action.[32] The lower court dismissed the action on the basis of the statute of limitations.[33]

¶22 On appeal, the court considered the effect of a nonlawyer signing a pleading on behalf of another. First, the court noted that in federal court a party may not be represented by a nonlawyer.[34] Second, the court also recognized a difference between a notice of appeal signed by a nonlawyer on behalf of another and an appeal submitted, unsigned, by the named appellant.[35] It observed that the former situation, but not the latter, is governed by the rule that a layperson cannot represent another in filing a notice of appeal.[36]

¶23 Turning to consideration of Federal Rule of Appellate Procedure 4(a), the *Gonzales* court concluded that where a nonlawyer attempts to file an appeal on behalf of another, "no signing or ratification by the thus 'represented' party *after* expiration of the [statutory] periods can be effective."[37] Accordingly, the court affirmed the district court's dismissal of an appeal where the lower court did not receive a timely petition signed by the appellant (or his lawyer).[38]

¶24 The *Gonzales* court's discussion of the effect of a late signature on a notice of appeal under federal law does not

---

[32] *Id.* at 1019.

[33] *Id.*

[34] *Id.* at 1021.

[35] *Id.* at 1022 (citing *Smith v. White*, 857 F.2d 1042, 1043 (5th Cir. 1988)).

[36] *Id.*

[37] *Id.*

[38] *Id.*

control the disposition of this case. Rather, the reasoning in *Griffith v. City of Bellevue*[39] controls.

¶25 In *Griffith*, the court addressed whether a petition for a statutory writ of certiorari challenging the city's land use decision was properly dismissed for lack of jurisdiction. The petition and required affidavit were timely filed and served, but the affidavit was not signed as required by statute.[40] There, although the affidavit accompanying the petition was unsigned, the parties agreed to the issuance of the writ, and the city provided a full record regarding the disputed land use application.[41] One month later, the land owner moved to dismiss the petition for lack of subject matter jurisdiction, and the trial court dismissed the petition despite Griffith's motion to amend the petition.[42] Griffith appealed and the Court of Appeals affirmed.[43]

¶26 Our supreme court took review and held that a signed verification was not a jurisdictional requirement.[44] The court noted that whenever possible, the civil rules should be applied to allow substance to prevail over form.[45] It reversed, reasoning that Griffith's petition and verification were timely, and that where a timely application lacked a signature, CR 11 permitted dismissal only if Griffith had failed to sign the verification promptly after the omission was brought to his attention.[46]

¶27 Here, as in *Griffith*, the petition was timely filed and served. Similarly, a part of the timely petition was unsigned by an attorney for the corporate appellant. There, the verification was not signed. Here, the petition was not

---

[39] 130 Wn.2d 189, 922 P.2d 83 (1996).

[40] *Id.* at 190.

[41] *Id.* at 191.

[42] *Id.* at 191-92.

[43] *Id.* at 192.

[44] *Id.*

[45] *Id.*

[46] *Id.* at 194.

signed by an attorney for Biomed, although it was signed by the chair of its board. The *Griffith* court held that the verification was not jurisdictional. We conclude that the lack of a signature of an attorney for Biomed on the timely petition for review, likewise, was not jurisdictional.

¶28 We find support for our conclusion that a missing signature is not jurisdictional for purposes of this case by a plain reading of the relevant appeal statute. RCW 34-.05.542(2) states:

> A petition for judicial review of an order shall be filed with the court and served on the agency, the office of the attorney general, and all parties of record within thirty days after service of the final order.

Moreover, RCW 34.05.546 prescribes the contents of a petition for review and states:

> A petition for review must set forth:
>
> (1) The name and mailing address of the petitioner;
>
> (2) The name and mailing address of the petitioner's attorney, if any;
>
> (3) The name and mailing address of the agency whose action is at issue;
>
> (4) Identification of the agency action at issue, together with a duplicate copy, summary, or brief description of the agency action;
>
> (5) Identification of persons who were parties in any adjudicative proceedings that led to the agency action;
>
> (6) Facts to demonstrate that the petitioner is entitled to obtain judicial review;
>
> (7) The petitioner's reasons for believing that relief should be granted; and
>
> (8) A request for relief, specifying the type and extent of relief requested.

Neither of these statutes mentions any signature requirement. Rather, timely and proper service is all that is required for the superior court to obtain appellate jurisdic-

tion for review of agency action.[47] We will not read into the statute a jurisdictional signature requirement where the legislature has not stated one.

¶29 The Department argues that "the corporation should not be able to acquire additional time for an [APA] appeal by having one of its officers sign and file a petition for judicial review, then later hire an attorney and re-file the petition properly after the 30-day jurisdictional appeal period expired."[48] To the extent a corporation or its agents engages in dilatory practice, we agree.

¶30 From our review of this record, Biomed had more than ample warning that its petition might be dismissed by the court if it did not promptly hire counsel and cure the signature deficiency. Had Biomed done so, the resources of this court, the superior court, the Department, and Biomed's counsel on appeal would not have been expended on this matter. For reasons that are not disclosed in this record, it chose to ignore those clear warnings.

¶31 Nevertheless, the Department incorrectly characterizes the signature defect as jurisdictional. As we have explained, it is not. More importantly, as *Griffith* and the other Washington cases make clear, the trial court should have provided in its order a reasonable time within which Biomed could have cured the defect rather than dismissing with prejudice.

¶32 The Department heavily relies on *Black v. Ameritel Inns, Inc.*,[49] a case from the Idaho Supreme Court. We are not persuaded by that case.

¶33 First, *Ameritel* is not controlling. We are bound by *Griffith*, a decision by our supreme court, not a case from the Idaho Supreme Court.

---

[47] *City of Seattle*, 116 Wn.2d at 926 ("[A]ll statutory procedural requirements must be met before the court's appellate jurisdiction is properly invoked.").

[48] Brief of Respondent State of Washington Department of Health Board of Pharmacy at 7-8.

[49] 139 Idaho 511, 81 P.3d 416 (2003).

¶34 Second, *Ameritel* is unlike this case. There, an attorney unlicensed to practice in Idaho signed and filed pleadings on behalf of his clients in an Idaho court. The court held that this violated Idaho's Civil Rule 11.[50] The plain words of that rule show an express violation of that rule by the Washington attorney signing pleadings for that Idaho case.

¶35 Here, a nonlawyer signed pleadings on behalf of a corporation. We note that the *Lloyd Enterprises* court, without analysis, assumed that this kind of defect amounts to a *missing* signature of the corporation on the court pleading. Under *Griffith*, a missing signature was not a jurisdictional defect. Nor is it here. Thus, it is subject to cure within a reasonable period of time.

¶36 Dismissal of the petition with prejudice was incorrect. The court should have allowed a reasonable time for curing the defect.

¶37 Because we resolve this case on the bases discussed, we need not reach Biomed's other arguments.

¶38 Biomed urges us to reach the merits of its appeal although the superior court never reached those merits. We decline to do so.

¶39 The superior court took no action on the merits because it dismissed the petition with prejudice. There is no compelling reason for this court to reach the merits without the superior court first ruling on those merits.

¶40 We reverse the order of dismissal with prejudice and remand for further proceedings.

BECKER and ELLINGTON, JJ., concur.

---

[50] Idaho R. Civ. P. 11(a)(1) states in relevant part:

Every pleading, motion, and other paper of a party represented by an attorney *shall be signed by at least one (1) licensed attorney of record of the state of Idaho*, in the attorney's individual name, whose address shall be stated before the same may be filed. A party who is not represented by an attorney shall sign the pleading, motion or other paper and state the party's address.

*Ameritel*, 139 Idaho at 513 (emphasis added) (alteration in original).