# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KIMBERLY GALE, a single woman, | ) | No. 72420-7-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| C&K REMODEL, INC., a Washington corporation, | ) | |
| Appellant, | ) | |
| WESCO INSURANCE COMPANY, a foreign insurance company, | ) | |
| Defendant. | ) | FILED: October 5, 2015 |

TRICKEY, J. — Civil Rule (CR) 11 provides a proper basis for striking an unsigned pleading. However, a trial court must provide a party that files an unsigned pleading a reasonable time within which to cure the signature deficiency before striking the pleading pursuant to CR 11. In this matter, the trial court struck an unsigned answer, but did not give the defendant an opportunity to cure the defective pleading. Instead, on the same day that it struck the answer, the court entered an order of default and a default judgment against the defendant. The court subsequently denied the defendant's motion to vacate the default judgment, including its request for additional time to file an amended answer. Because the defendant was not in default when the court entered the default judgment, the judgment must be set aside.

## FACTS

Kimberly Gale hired C&K Remodel, Inc., to repair flooding damage to her home. C&K discovered faulty work done by previous contractors that needed to be corrected. C&K then attempted to repair the faulty work, and also communicated with Farmers

Insurance Company, Gale's homeowner's insurer, to determine the type of repair work that Farmers would cover. Gale paid C&K directly for its work, with the expectation that Farmers would later reimburse her. After Gale had already authorized over $20,000 in payments to C&K, a dispute developed between Gale and Farmers over how much of C&K's work would be covered under Gale's policy.

Subsequently, Gale placed a "stop payment" on the credit card payments to C&K that she had previously authorized.[1] In response, C&K stopped working on Gale's property. C&K then hired an attorney, Jeffrey Rupert, in order to place a materialman's lien on Gale's property.

Shortly thereafter, Gale's attorney sent a letter to Rupert demanding that C&K remove the lien. Gale's attorney stated that C&K had failed to serve Gale with the "Right to Lien" "Notice to Customer" before commencing work, as required by RCW 18.27.114.[2] Gale's attorney also advised Rupert that C&K was not a registered contractor with the Washington State Department of Labor and Industries at the time it performed work on Gale's residence, and was not bonded from April 17, 2012 to March 25, 2013. C&K released the lien.

On October 21, 2013, after C&K had released the lien, Gale filed suit against C&K, claiming breach of contract, negligence, and Consumer Protection Act (CPA), chapter 19.86 RCW, violations. Gale also sued C&K's bonding company, Wesco Insurance Company, to recover C&K's bond.

On November 12, C&K entered a notice of appearance through attorney Stuart Sinsheimer.

---

[1] Clerk's Papers (CP) at 163, 172.
[2] CP at 98, 228.

2

Gale initially agreed to allow C&K additional time to file an answer so that C&K could tender its defense to its insurer. On January 2, 2014, C&K's insurer denied coverage and defense.

On February 5, Sinsheimer mailed his notice of intent to withdraw as C&K's counsel, effective February 19, 2014. He withdrew because he could not get in contact with C&K. Sinsheimer did not file an answer to Gale's complaint on behalf of C&K before withdrawing.

On April 15, Gale filed the confirmation of joinder, parties, claims, and defenses, stating that "Defendant C&K Remodel, Inc. has failed to file an Answer. Plaintiff will note and serve Motion for Default."[3]

On June 24, Gale noted a motion for default for hearing on July 3, 2014, in King County Superior Court. The motion was filed with Gale's personal declaration, a declaration of a construction repair estimator, and Gale's counsel's declaration. Gale also filed a certificate of service of these documents on C&K via legal messenger.

Gale's motion stated that her damages caused "by way of [C&K's] violation of the [CPA] cannot be reasonably segregated from damages caused by Defendant's negligence and breach of contract."[4] She claimed total and unsegregated damages of $136,153.50, upon which she then relied in requesting treble damages under the CPA in the amount of $25,000—the maximum permitted by the CPA. She also requested an award of attorney fees in the amount of $53,180.66.

On June 30, Chris Greer—the sole shareholder and officer of C&K—filed an answer to Gale's complaint. Greer signed the answer and a stamped certificate of

---

[3] CP at 29.
[4] CP at 34.

3

mailing. That same day, Greer called Gale's attorney and requested his address in order to mail a copy of the answer.

On July 1, Gale's attorney informed Greer that he had not received anything in the mail.

On July 2, Gale's attorney received the answer. Gale's attorney immediately brought motions to strike the answer and to shorten time within which to strike the answer, such that the motion to strike could be heard the next day, July 3—the day on which the motion for default was scheduled for hearing. Gale's attorney also called Greer that afternoon and explained to Greer that Gale was moving to strike on the grounds that Greer could not represent C&K in court proceedings.

On July 3, Greer met with Rupert in order to rehire him as an attorney to represent C&K. Rupert then faxed to Gale's attorney a notice of appearance, which was later filed on July 15.

On July 3, the trial court granted Gale's motion to shorten time, struck C&K's answer, granted Gale's motion for default, and entered default judgment against C&K.

Although the court did not, in granting the motion to strike, state the basis for its order, it did state that the motion to strike was brought pursuant to CR 11.

In granting the motion for default, the court ordered that judgment would be entered against C&K in the amount of $214,334.15.[5]

In entering default judgment, the court made the following findings:

- The principal amount of damages of $136,153.50 was a sum certain;

- Gale was entitled to exemplary damages in the amount of $25,000 pursuant to the

---

[5] Subsequently, on July 31, the court entered an amended default judgment against C&K. The reason for doing so was to include a summary of judgment in the judgment in accordance with RCW 4.64.030.

4

CPA;

- Gale was entitled to attorney fees in the amount of $53,180.66 pursuant to the CPA; and

- The total judgment was in the amount of $214,334.16, plus 12 percent postjudgment interest.[6]

Several weeks later, C&K, through counsel, filed a motion to set aside the default and vacate the default judgment. C&K argued that it had a "meritorious defense," and that its failure to timely file an answer was the result of excusable neglect or mistake.[7] After hearing oral argument on the motion, the trial court denied the motion to set aside the default and vacate the default judgment. The trial court ruled that C&K had not met the CR 60(b) criteria to vacate the default judgment, including mistake, excusable neglect, or irregularity in the proceedings. Additionally, in the order denying the motion, the trial court crossed out C&K's proposal that "C&K shall file an amended Answer forthwith."[8]

On September 2, C&K filed a notice of appeal of the amended default judgment against C&K, entered on July 31, and the order denying the motion to vacate the default judgment.

## ANALYSIS

C&K contends that the trial court erred in granting Gale's motion for default against C&K, entering judgment against C&K, and refusing to grant C&K's motion to vacate the default judgment. We agree.[9]

---

[6] CP at 132.
[7] CP at 160-88.
[8] CP at 416.
[9] As a preliminary matter, Gale contends that C&K failed to preserve for review the issue of the trial court's failure to give C&K additional time to cure its defective answer. We disagree. The trial court was well aware that Gale moved to strike the answer pursuant to CR 11, and both parties addressed the motion to strike and the proper application of CR 11 in arguing the motion to vacate the default judgment. Moreover, in its proposed order to vacate the default judgment,

Default judgments are not favored; they "'are normally viewed as proper only when the adversary process has been halted because of an essentially unresponsive party.'" Colacurcio v. Burger, 110 Wn. App. 488, 495, 41 P.3d 506 (2002) (quoting Batterman v. Red Lion Hotels, Inc., 106 Wn. App. 54, 61, 21 P.2d 1174 (2001)). This is so because of a strong preference in favor of deciding controversies on the merits. Little v. King, 160 Wn.2d 696, 703, 161 P.3d 345 (2007). Strong though this preference may be, it must be balanced against the value of "'an organized, responsive, and responsible judicial system where litigants acknowledge the jurisdiction of the court to decide their cases and comply with court rules.'" TMT Bear Creek Shopping Ctr., Inc. v. Petco Animal Supplies, Inc., 140 Wn. App. 191, 199, 165 P.3d 1271 (2007) (quoting Little, 160 Wn.2d at 703).

CR 55 governs when an order or judgment of default may be entered against a party and when the order or judgment may be set aside.[10] The rule permits a party to bring a motion for default when the "party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by these rules." CR 55(a)(1). The rule further provides that "[i]f the party has appeared before the motion is filed, [the party] may respond to the pleading or otherwise defend at any time before the hearing on the motion." CR 55(a)(2). However, "[e]ven if a party has appeared in an action, if the party then fails to answer a pleading required by, or to file a responsive

---

C&K included a provision that would have allowed it to file an amended answer. The trial court denied the motion by order and, in doing so, crossed out the provision requesting an opportunity for C&K to file an amended answer. C&K appeals from this order. In view of the foregoing, we conclude that the issue was preserved for review.

[10] Relief from default judgments and orders is governed by CR 60(b). Burlingame v. Consol. Mines & Smelting Co., Ltd., 106 Wn.2d 328, 336, 722 P.2d 67 (1986). The rule "does not authorize vacation of judgments except for reasons extraneous to the action of the court or for matters affecting the regularity of the proceedings." Burlingame, 106 Wn.2d at 336. As such, CR 60(b) may not be used to correct errors of law; "rather, direct appeal is the proper means of remedying legal errors." Burlingame, 106 Wn.2d at 336.

pleading listed in, CR 7(a), the party may still enter default." Duryea v. Wilson, 135 Wn. App. 233, 238, 144 P.3d 318 (2006) (footnote omitted).

We review a trial court's ruling on a motion for default judgment and on a motion to vacate a default judgment for abuse of discretion, and will not disturb the trial court's decision unless it was manifestly unreasonable, based on untenable grounds, or untenable reasons. Old Republic Nat'l Title Ins. Co. v. Law Office of Robert E. Brandt, PLLC, 142 Wn. App. 71, 74, 174 P.3d 133 (2007); TMT Bear Creek., 140 Wn. App. at 199; Mecum v. Pomiak, 119 Wn. App. 415, 422, 81 P.3d 154 (2003). "[W]here the court has no authority to enter a default judgment because the defendant is not in default, the court has no discretion to exercise on the question of whether the judgment should be set aside." Tiffin v. Hendricks, 44 Wn.2d 837, 847, 271 P.2d 683 (1954); accord Duryea, 135 Wn. App. at 238. Consequently, "[i]n the latter instance, the defendant may have such a default judgment set aside as a matter of right and no showing of a meritorious defense is necessary." Tiffin, 44 Wn.2d at 847; accord Duryea, 135 Wn. App. at 238.

The trial court in this matter had no authority to enter default judgment because C&K was not in default when judgment was entered.[11] C&K appeared through counsel before the motion for default was filed. After the motion for default was filed, but before the hearing on the motion was held, C&K filed an answer. This answer was timely filed under CR 55(a)(2). However, the answer did not comply with CR 11, which sets forth the standards attorneys or pro se litigants must observe when filing pleadings in superior

---

[11] While trial courts have inherent authority to sanction litigation conduct, State v. S.H., 102 Wn. App. 468, 475, 8 P.3d 1058 (2000), the record does not support a finding that the trial court acted pursuant to its inherent authority. To the contrary, in its order striking the answer, the trial court noted that the motion to strike was brought pursuant to CR 11. Furthermore, to properly invoke this inherent authority, a trial court must make a finding of bad faith, which the court in this case did not do. S.H., 102 Wn. App. at 475.

court, including pleadings authorized under CR 55(a)(2). The answer did not comply with CR 11 because it was not signed by an attorney—a requirement for pleadings submitted by a corporate entity. See, e.g., Biomed Comm, Inc. v. Dep't of Health, Bd. of Pharmacy, 146 Wn. App. 929, 938, 193 P.3d 1093 (2008). Given that the answer was signed by Greer, a corporate officer, the answer was, for purposes of CR 11, unsigned. Biomed, 146 Wn. App. at 938, 943.

CR 11(a) directs that unsigned pleadings shall be stricken. However, this directive is conditional—an unsigned pleading "shall be stricken *unless it is signed promptly after the omission is called to the attention of the pleader or movant*." CR 11(a) (emphasis added).

When a corporation submits an unsigned pleading, the trial court may enter an order striking the pleading; however, in order to comply with CR 11, the court must provide the corporation "a reasonable amount of time after entry of its order to cure the defect." Biomed, 146 Wn. App. at 938; see also Dutch Vill. Mall, LLC v. Pelletti, 162 Wn. App. 531, 539, 256 P.3d 1251 (2011) ("The trial court correctly granted the motion to strike the pleadings of [the corporate entity] unless, within 30 days, they were either withdrawn or signed by an attorney."); Lloyd Enters., Inc. v. Longview Plumbing & Heating Co., Inc., 91 Wn. App. 697, 700-01, 958 P.2d 1035 (1998) (affirming trial court's entry of default judgment against corporation that filed an unsigned answer but failed to cure the deficiency within the 20 day period allotted by the court).

The trial court did not provide C&K a reasonable time within which it could cure the timely filed, albeit defective, answer, as required by CR 11. Quite the opposite—the court struck the answer and entered an order of default and a default judgment against C&K

8

on the very same day. Because C&K was not in default when the default judgment was entered, the court erred both in entering the judgment and in later denying C&K's motion to vacate the judgment. On remand, C&K is entitled to have the default judgment set aside.[12]

Reversed and remanded.

Trickey, J

WE CONCUR:

---

[12] Gale's request for prevailing party attorney fees is denied.