## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>Appellant,<br><br>v.<br><br>WASHINGTON DEPARTMENT OF ECOLOGY, and BP WEST COAST PRODUCTS LLC, and WASHINGTON POLLUTION CONTROL HEARINGS BOARD,<br><br>Respondents. | No. 53041-4-II<br><br><br><br>PUBLISHED OPINION |

MELNICK, J. — The National Parks Conservation Association (NPCA) sought to file a petition for judicial review of a final decision by the Pollution Control Hearings Board (PCHB). The Thurston County Clerk's Office rejected NPCA's petition because it did not have a case information cover sheet as required by AR 2.[1]  By the time NPCA received the rejected petition from the clerk's office, the 30-day deadline to file a petition had passed.  Nonetheless, NPCA resubmitted the petition with a cover sheet that complied with AR 2.

BP West Coast Products LLC (BP) and the Washington Department of Ecology (DOE) filed motions to dismiss.  The superior court granted the motions, ruling that it lacked appellate jurisdiction under the Administrative Procedure Act (APA), chapter 34.05 RCW, because the clerk did not accept the petition until after the deadline to file had passed.

---

[1] Superior Court Administrative Rule.

NPCA appeals, arguing that it complied with all statutory requirements necessary to invoke the superior court's appellate jurisdiction under the APA. It further argues that AR 2 is not jurisdictional. Although DOE took a contrary position in the trial court, it now agrees with NPCA. BP continues to argue that NPCA did not timely file its petition.[2]

We reverse.

FACTS

DOE issued an air permit authorizing BP to take certain actions at its Washington refinery. NPCA appealed DOE's issuance of the permit to the PCHB.

On July 17, 2018, the PCHB issued a final decision in favor of DOE and BP, denying NPCA's challenge to the permit. The same day, the PCHB served the decision on NPCA. Statutes and regulations required NPCA to file its petition for judicial review within 30 days, which was August 16. RCW 34.05.542(2); WAC 371-08-555.

On August 14, NPCA sent its petition via overnight delivery to the Thurston County Superior Court, the PCHB, BP, the Washington State Attorney General, and DOE, thus accomplishing service. RCW 34.05.542(2). NPCA's petition included copies of the PCHB's final decision, notice of the appeal, grounds for appeal, and the issue appealed. NPCA also provided the required filing fee. RCW 34.05.514(1); RCW 36.18.020(2)(c).

The next day, NPCA received confirmation that its petition had been delivered to the clerk's office and all of the parties. However, the clerk's office rejected NPCA's petition because

---

[2] NPCA also argues that if we disagree with its position, we should reverse on theories of substantial compliance or constructive filing. Because of our disposition, we do not address these alternative theories.

it did not have a cover sheet as required under AR 2.[3] The clerk's office then returned the petition with a note stating that it had rejected the petition because NPCA did not "include a case information sheet" required by AR 2. Clerk's Papers (CP) at 196.

At the time the preceding events occurred, the Thurston County Clerk's Office had a faulty document policy. The policy allowed the clerk's office to assess penalties for "documents which [were] incorrect, incomplete or in non-compliance with court rules or statutes." CP at 535. The policy also allowed the clerk's office to reject and return petitions for judicial review that failed to include a cover sheet required by AR 2.

On August 20, NPCA received its rejected petition from the clerk's office. That same day, NPCA resubmitted its petition to the superior court. Its petition included an AR 2 cover sheet and a letter stating that its initial petition had met all of the requirements necessary to invoke the superior court's jurisdiction. The clerk's office accepted NPCA's resubmitted petition on August 21.

NPCA then filed a motion to verify the timely filing of its petition. DOE and BP filed motions to dismiss, arguing that NPCA filed the petition on August 21. Therefore, DOE and BP argued that the superior court did not have appellate jurisdiction under the APA because the petition for judicial review had not been filed in a timely manner.

After a hearing on the motions, the court agreed with DOE and BP, and ruled that it did not have appellate jurisdiction to hear the case because NPCA did not timely file its petition for judicial review. The decision rested on the clerk rejecting NPCA's petition on August 15 because it did not have an AR 2 cover sheet. NPCA appeals.

---

[3] AR 2 provides, in relevant part: "Each new civil and domestic case filing shall be accompanied by a Case Information Cover Sheet prepared and submitted by the plaintiff."

ANALYSIS

NPCA argues that it filed its petition for judicial review within 30 days and that compliance with AR 2 is not a jurisdictional requirement. DOE agrees with NPCA.

BP argues that NPCA's petition was not timely filed. BP contends that AR 2 is "inextricably tied to [RCW 34.05.542]." Br. of Resp't BP at 8. According to BP, "[a] petition for review must be *accepted* for filing within the statutory window," and if the petition is not accepted, "jurisdiction is not secured under the APA." Br. of Resp't BP at 8. We agree with NPCA and DOE.

The APA governs appeals from the PCHB. RCW 43.21B.180. The APA grants superior courts limited appellate jurisdiction. RCW 34.05.514(1); *Union Bay Pres. Coal. v. Cosmos Dev. & Admin. Corp.*, 127 Wn.2d 614, 617, 902 P.2d 1247 (1995). Before a superior court can exercise its appellate jurisdiction, statutory procedural requirements must be satisfied. *Diehl v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 153 Wn.2d 207, 217, 103 P.3d 193 (2004). If they are not, the court must enter an order of dismissal. *Stewart v. Dep't of Emp't Sec.*, 191 Wn.2d 42, 52-53, 419 P.3d 838 (2018); *Conom v. Snohomish County*, 155 Wn.2d 154, 157, 118 P.3d 344 (2005). We review questions of a court's jurisdiction de novo. *Conom*, 155 Wn.2d at 157.

To invoke a superior court's appellate jurisdiction, the APA requires that a petitioner comply with certain time limitations set forth in RCW 34.05.542(2). *Union Bay Pres. Coal.*, 127 Wn.2d at 617. As relevant here, "[a] petition for judicial review of an order shall be filed with the [superior] court . . . within thirty days after service of the final order." RCW 34.05.542(2). In addition, "proceedings for review under [the APA] shall be instituted by paying the fee required under RCW 36.18.020." RCW 34.05.514(1).

The issue in this case is whether, for purposes of invoking the superior court's appellate jurisdiction, NCPA filed its petition and paid the required filing fee within 30 days of the PCHB's final decision. We conclude that it did because it complied with the statutory requirements necessary to invoke the superior court's jurisdiction and AR 2 does not impose a jurisdictional requirement.

In *Biomed Comm, Inc. v. Department of Health Board of Pharmacy*, 146 Wn. App. 929, 932-33, 193 P.3d 1093 (2008), a corporate petitioner appealed a decision by the Department of Health Board of Pharmacy (DOH). However, because no lawyer signed the petition on behalf of the corporation, the petition failed to comply with CR 11(a). *Biomed Comm*, 146 Wn. App. at 933. DOH moved to strike the petition because it failed to comply with CR 11(a), and the court granted the motion. *Biomed Comm*, 146 Wn. App. at 933.

On appeal, the issue was "whether the superior court lost appellate jurisdiction where a timely petition for review of the agency lacked the signature of an attorney for the corporate appellant." *Biomed Comm*, 146 Wn. App. at 938. The court determined "that the lack of a signature of an attorney for [the corporation] on the timely petition for review . . . was not jurisdictional." *Biomed Comm*, 146 Wn. App. at 941.

In support of its decision, the court looked to provisions of the APA, namely RCW 34.05.542(2) and 34.05.546. *Biomed Comm*, 146 Wn. App. at 941. Those statutes did not contain a signature requirement. Thus, because the statutory requirements of the APA did not require a signature, the court ruled that compliance with the civil rule did not affect the superior court's jurisdiction under the APA. *Biomed Comm*, 146 Wn. App. at 941-42. The court refused to "read into the statute a jurisdictional signature requirement where the legislature ha[d] not stated one." *Biomed Comm*, 146 Wn. App. at 942.

Here, as the court did in *Biomed Comm*, we review the statutory requirements of the APA. The APA does not contain a cover sheet requirement. As in *Biomed Comm*, we do not read into the APA a jurisdictional requirement of a cover sheet "where the legislature has not stated one." 146 Wn. App. at 942. NPCA complied with the APA's statutory requirements. It submitted its petition to the superior court within 30 days, and its petition included the required filing fee.

BP argues that NPCA did not timely file its petition since the clerk rejected it. BP argues that the clerk had the authority to reject the petition under CR 5(e) because it did not have an AR 2 cover sheet. As a result, BP contends that the superior court did not have appellate jurisdiction to hear the case.

If we adopted BP's reasoning, a jurisdictional requirement could vary from county to county, or even from case to case, depending on the discretionary actions or inactions of a county clerk.[4] AR 2 requires that a plaintiff include a case information cover sheet for "[e]ach new civil and domestic case filing." Under CR 5(e), a "clerk may refuse to accept for filing any paper presented for that purpose because it is not presented in proper form as required by these rules or any local rules or practices."

The use of the word "may," when used in a court rule, indicates that the referenced course of action is discretionary rather than mandatory. *In re Dependency of M.P.*, 185 Wn. App. 108, 116 n.3, 340 P.3d 908 (2014). It is axiomatic that a court clerk's discretionary action cannot strip a superior court of jurisdiction. A court either has jurisdiction or it does not. Here, jurisdiction is

---

[4] The Thurston County Clerk's Office had a faulty document policy that allowed the clerk to assess a penalty or reject and return faulty filings. However, not all counties allow the court clerk to reject faulty filings.

conferred by complying with the APA. Therefore, we conclude that the filing of a form required by AR 2 does not impose a jurisdictional requirement.[5]

In so ruling, we are mindful that we should be careful of relying on form over substance to deny a litigant his or her day in court. *See First Fed. Sav. & Loan Ass'n of Walla Walla v. Ekanger*, 93 Wn.2d 777, 781, 613 P.2d 129 (1980) ("[W]henever possible, the rules of civil procedure should be applied in such a way that substance will prevail over form."). We are promoting access to justice with uniformity throughout the state.

The legislature, through the APA, has conferred appellate jurisdiction on the superior court for appeals from the PCHB. Because the legislature has stated the jurisdictional requirements to invoke that jurisdiction, and because NPCA satisfied those requirements, we reverse.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Lee, C.J.

---

[5] Nothing in this opinion should be construed as limiting a court clerk from requiring litigants to file additional documents with their pleadings if there is a legal basis.