# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KENNETH SWANIGAN and CHARLIE WALKER, III, PAST GRAND MASTERS, | No. 48631-8-II |
| Appellants, | |
| v. | UNPUBLISHED OPINION |
| MOST WORSHIPFUL PRINCE HALL GRAND LODGE F.A.M. WASHINGTON & JURISDICTION and MOST WORSHIPFUL GRAND MASTER GREGORY D. WRAGGS, SR., | |
| Respondents. | |

MAXA, A.C.J. – Kenneth Swanigan and Charlie Walker appeal the trial court's dismissal of their complaint against the Most Worshipful Prince Hall Grand Lodge (Grand Lodge) and its Grand Master, Gregory Wraggs. Swanigan and Walker argue that the trial court erred because their complaint stated claims for harassment under chapter 10.14 RCW and violation of their substantive due process, procedural due process, and equal protection rights. Swanigan and Walker also allege various procedural errors.

We hold that the trial court did not err in granting the Grand Lodge's motion to dismiss because the complaint's allegations were insufficient to (1) state a claim for harassment under chapter 10.14 RCW, and (2) support a finding that the Grand Lodge engaged in state action, a requirement for a constitutional violation. We reject Swanigan and Walker's procedural claims. Accordingly, we affirm the trial court's order of dismissal of Swanigan and Walker's complaint.

FACTS

Swanigan and Walker are Freemasons and life members of the Grand Lodge, a local unit of the Freemasons. The Freemasons have a longstanding set of internal rules that govern the operations of each Grand Lodge. Among other things, these rules provide each Mason with the right to receive a Masonic trial before being disciplined.

On June 5, 2015, Swanigan and Walker attended the trial of a lawsuit between another Freemason – Lonnie Traylor – and the Grand Lodge. Traylor had filed suit after his membership was suspended. Swanigan and Walker received a letter of reprimand from Wraggs, apparently for attending Traylor's trial. They subsequently received a notification of trial scheduling a Masonic trial for June 30. The complaint does not state what happened at the trial, but the complaint alleges that Swanigan and Walker were illegally suspended from the Grand Lodge.

On July 6, Swanigan and Walker filed a motion for a preliminary injunction to allow Swanigan to attend and participate in Masonic affairs, including to attend the Grand Lodge's annual meeting on July 13-15.[1] The trial court denied the motion without prejudice. Swanigan filed a nearly identical motion on July 9.[2] On the same day, Swanigan filed a motion for a temporary restraining order (TRO). The record does not show if or when the trial court ruled on these motions.

---

[1] The motion does not clearly state the relief sought. But the motion attached a proposed order granting the injunction that enjoined the Grand Lodge from preventing Swanigan from attending and participating in Masonic affairs, including attending the Grand Lodge's annual meeting.

[2] Both Swanigan and Walker signed the first motion for a preliminary injunction, but only Swanigan signed the second motion.

On July 7, Swanigan and Walker filed a complaint against the Grand Lodge and Wraggs.[3] The complaint alleged that the Grand Lodge violated RCW 10.14.020(1), Washington's unlawful harassment statute, and violated their substantive due process, procedural due process, and equal protection rights under the Fourteenth Amendment of the United States Constitution. But the complaint primarily consisted of recitations of multiple Grand Lodge rules and procedures. The complaint alleged that the Grand Lodge violated some of these rules and procedures. The last page of the complaint appears to be taken from a "grievance and appeal" document and requested that "this Grand Body" review and overturn the Grand Lodge's decision. Clerk's Papers (CP) at 51.

On July 28, Swanigan and Walker served a request for production of documents on the Grand Lodge. Swanigan and Walker represent on appeal that the Grand Lodge did not respond to these requests. There is no indication in the record that Swanigan and Walker ever filed a motion to compel responses to the requests for production.

On December 3, the Grand Lodge moved to dismiss the complaint for failure to state a claim because the complaint did not state a claim for relief as required under CR 8(a). On December 10, the case was administratively reassigned from Judge Hogan to Judge Schwartz. There is no indication in the record that Swanigan and Walker objected to this reassignment at the time.

---

[3] Only Swanigan signed the complaint. A nonlawyer party who represents himself cannot lawfully represent another party or submit documents on another party's behalf. *See Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wn. App. 697, 701, 958 P.2d 1035 (1998). Therefore, Walker's claims were subject to dismissal. However, the Grand Lodge does not raise this issue. Because we affirm dismissal of the complaint, we need not address this issue.

No. 48631-8-II

The trial court granted the Grand Lodge's motion to dismiss, and later denied Swanigan and Walker's motion for reconsideration. Swanigan and Walker appeal.

ANALYSIS

A.    STANDARD OF REVIEW

The Grand Lodge filed a motion to dismiss based on CR 8(a) and argued that Swanigan and Walker's complaint "fail[ed] to state a claim for which relief can be granted." CP at 181. CR 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint does not comply with CR 8(a), the trial court may dismiss it for failure to state a claim under CR 12(b)(6). *Becker v. Cmty. Health Sys., Inc.*, 182 Wn. App. 935, 941, 332 P.3d 1085 (2014), *aff'd*, 184 Wn.2d 252, 359 P.3d 746 (2015).

Under CR 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. We review de novo a CR 12(b)(6) order dismissing a claim. *J.S. v. Vill. Voice Media Holdings, LLC*, 184 Wn.2d 95, 100, 359 P.3d 714 (2015). A complaint must contain allegations sufficient to provide a defendant with notice of what the claim is about and the grounds on which is rests. *Estate of Dormaier v. Columbia Basin Anesthesia, PLLC*, 177 Wn. App. 828, 854, 313 P.3d 431 (2013).

We accept as true all facts alleged in the plaintiff's complaint and all reasonable inferences from those facts. *J.S.*, 184 Wn.2d at 100. We also "may consider hypothetical facts supporting the plaintiff's claim." *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 962, 331 P.3d 29 (2014). The question is whether there are facts that conceivably could be raised that would support a legally sufficient claim. *Worthington v.*

4

No. 48631-8-II

*WestNET*, 182 Wn.2d 500, 505, 341 P.3d 995 (2015).  Dismissal under CR 12(b)(6) is appropriate only if the plaintiff cannot allege any set of facts that would justify recovery.  *Id.*

B.     STATUTORY HARASSMENT CLAIM

Swanigan and Walker expressly alleged in their complaint that their suit was being brought under RCW 10.14.020(1).  Swanigan and Walker repeat this claim several times in their briefs.  We hold that the complaint's allegations failed to state a claim for relief for statutory harassment.

Chapter 10.14 RCW, the anti-harassment statute, is intended to prevent "personal harassment through repeated invasions of a person's privacy by acts and words."  RCW 10.14.010.  The statute defines "unlawful harassment" to mean a "knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, harasses, or is detrimental to such person, and which serves no legitimate or lawful purpose."  RCW 10.14.020.  The behavior must both be sufficient to "cause a reasonable person to suffer substantial emotional distress" and actually cause such distress to the plaintiff.  RCW 10.14.020; *see State v. Whittaker*, 192 Wn. App. 395, 406, 367 P.3d 1092 (2016).

Here, Swanigan and Walker apparently alleged in their complaint that the Grand Lodge violated its own rules and procedures in disciplining them.  But their complaint did not contain any allegations showing how these actions fell within the definition of harassment in RCW 10.14.020.  The complaint indicates only that the Grand Lodge reprimanded them, required them to attend a Masonic trial, and possibly suspended them.  These actions are not sufficient to state a statutory harassment claim.

5

Further, the relief allowed under chapter 10.14 RCW is an order of protection against unlawful harassment. RCW 10.14.040. There is no indication in the statute that a petitioner can obtain any other relief. Swanigan and Walker did not expressly request a protection order in their complaint.

We hold that the trial court properly dismissed Swanigan and Walker's statutory harassment claim.

C.      CONSTITUTIONAL CLAIMS

Swanigan and Walker alleged in their complaint that the Grand Lodge failed to follow its own rules and procedures in disciplining them. But the only stated basis for relief was for a violation of their substantive due process, procedural due process, and equal protection rights under the Fourteenth Amendment. We hold that the complaint allegations failed to state a claim for relief for constitutional violations because there were no allegations that the Grand Lodge was a state actor.

The Fourteenth Amendment applies only to actions of the state. *In re Estate of Hayes*, 185 Wn. App. 567, 603, 342 P.3d 1161 (2015). To bring a constitutional claim, a plaintiff must identify some state action that deprived him or her of a constitutionally protected property or liberty interest. *Id.* When a complaint fails to demonstrate that state action has occurred, that complaint must be dismissed for failure to state a claim. *In re Estate of Wright*, 147 Wn. App. 674, 686-87, 196 P.3d 1075, 1082 (2008).

Here, the Grand Lodge appears to be a private organization. And Swanigan and Walker's complaint did not allege that the Grand Lodge was an agent of the state or that any state action had occurred. Therefore, the complaint did not state a claim for a constitutional violation.

6

Swanigan and Walker's allegations that the Grand Lodge failed to follow its own rules and procedures in disciplining them technically could state a cause of action on non-constitutional grounds. But they do not allege in their complaint or identify in their briefing any basis for a civil claim against the Grand Lodge.

We hold that the trial court properly dismissed Swanigan and Walker's claims for violation of their due process and equal protection rights.

D.      PROCEDURAL CLAIMS

Swanigan and Walker assert various procedural claims that are only tangentially related to the Grand Lodge's CR 12(b)(6) motion. We reject all of these claims.

1.      Grand Lodge's Failure to Respond to Complaint

Swanigan and Walker argue that the Grand Lodge failed to respond to their complaint. The Grand Lodge apparently did not file an answer to the complaint. But a defendant is entitled to file a CR 12(b)(6) motion before filing an answer. CR 12(b). We reject this argument.

2.      Motions for Injunction/TRO

Swanigan and Walker argue that the trial court erred by not considering Swanigan and Walker's July 9 motions for a preliminary injunction and a TRO. But the record does not show that Swanigan ever noted these motions on the trial court's calendar or requested that the trial court consider them. In the absence of such evidence, we cannot determine whether the trial court was required to address these motions. Further, Swanigan and Walker do not show that if the trial court had considered these motions, it would have ruled any differently than in its order denying Swanigan and Walker's first motion for an injunction. We reject this argument.

3.    Request for Discovery

Swanigan and Walker argue that the trial court erred by not requiring the Grand Lodge to respond to their discovery requests.  But discovery is immaterial under CR 12(b)(6), which focuses only on the allegations in the plaintiff's complaint.  CR 12(b); *see Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 725, 189 P.3d 168 (2008).  Further, Swanigan and Walker apparently did not file a motion to compel discovery.  We reject this argument.

4.    Grand Lodge's Failure to Produce Evidence

Swanigan and Walker argue that the trial court erred by not requiring the Grand Lodge to produce evidence supporting its discipline of them.  But a defendant has no obligation to present evidence to support a CR 12(b)(6) motion, which is based on the allegations in the plaintiff's complaint.  CR 12(b); *see Rodriguez*, 144 Wn. App. at 725.  We reject this argument.

5.    Assigning Case to a Different Judge

Swanigan and Walker argue that the trial court violated due process by not timely informing them that their case had been assigned to a different judge until the day of the CR 12(b)(6) hearing.  But they have not cited any authority for the proposition that the trial court must provide notice before a case is assigned to a different judge.  And they do not explain why assigning a case to a different judge without notice violates due process.  We reject this argument.

6.    Grand Lodge Appeal Process

Swanigan and Walker argue that the trial court erred by not considering the Grand Lodge's failure to allow them to appeal their discipline before the Grand Assembly.  But as noted above, due process and equal protection were the only stated grounds for relief for the

Grand Lodge's alleged failure to follow its procedures in disciplining Swanigan and Walker. And the complaint did not allege state action. We reject this argument.

7.    Trial Court's Failure to Consider Declarations

Swanigan and Walker argue that the trial court erred by not considering declarations that they submitted.  But declaration evidence is immaterial for a CR 12(b)(6) motion, which is based on the allegations in the plaintiff's complaint.  CR 12(b); *see Rodriguez*, 144 Wn. App. at 725. And Swanigan and Walker do not identify the declarations to which they are referring.  We reject this argument.

CONCLUSION

We affirm the trial court's dismissal of Swanigan and Walker's complaint.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, A.C.J.

We concur:

WORSWICK, J.

SUTTON, J.