IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | ) ) ) ) | No. 77015-2-I (Consolidated with No. 77911-7-I) |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| JUDY C. BASS, | ) ) | |
| Defendant, | ) ) | |
| LINCOLN LANE ADDLEMAN, JR.; MELVIN LYLE McCLINTOCK; SOBER LIVING SERVICES, a Washington State nonprofit; DOES 1-10, | ) ) ) ) ) | |
| Appellants. | ) ) | FILED: April 22, 2019 |

HAZELRIGG-HERNANDEZ, J. — Lincoln Addleman, Jr. challenges several court orders entered in connection with a bank's lawsuit against a property owner seeking to foreclose a judgment lien. Finding no error, we affirm.

## FACTS

In 2007, Judy Bass, who owned residential property in King County, refinanced her mortgage. She executed a promissory note in favor of the lender in the amount of $210,000.

In 2011, Bass stopped making payments on the note. The debt accelerated. At some point before the default, Bass vacated the property but a number of other individuals lived there, including Melvin McClintock and others associated with a non-profit entity called Sober Living Services. Lincoln Addleman began living in a trailer on the property in December 2014.

In May 2016, Nationstar Mortgage filed a lawsuit seeking a monetary judgment for the amount owed on the promissory note and/or foreclosure. The Bank later abandoned the claim for foreclosure, upon learning that there was, in fact, no recorded deed of trust securing payment of the debt.

Before filing the lawsuit, the Bank obtained a title report and discovered two recorded instruments referencing the property: a mechanics' lien recorded in 2015 and a mobile home rental agreement recorded in 2016. In the document asserting a lien, Addleman, McClintock, and Sober Living Services sought to recover more than $400,000 for work performed on the property and amounts expended on improvements. The rental agreement provided that monthly rent of $690 would be subtracted from unpaid wages owed to Addleman until the 3-year contract expired or the debt was extinguished. Addleman signed the agreement as a "[r]enter," and McClintock signed as "House Director" and Bass's "agent." Because they appeared to claim an interest in the property, the Bank named Addleman, McClintock, and Sober Living Services as defendants in the lawsuit. As to these defendants, the Bank sought to clear the title from the alleged encumbrances.

Representing himself pro se, Addleman filed an answer and counterclaims against Nationstar. Consistent with the documents recorded in 2015 and 2016, Addleman appeared to raise claims related to unpaid wages and a right to reside on Bass's property.

The Bank filed a motion to dismiss Addleman's claims. The Bank argued that Addleman had no enforceable interest in the property arising from either of the recorded instruments. The Bank asserted that any lien Addleman might have had expired under the applicable statute because the claimants failed to enforce it within 8 months of recording the document. See RCW 60.04.141. The Bank argued that the rental agreement had no legal force because it was not signed by Bass and there was no evidence of McClintock's authority to act as her agent. Even assuming an enforceable rental agreement, the Bank contended that its lawsuit did not directly implicate Addleman's rights as a tenant.

At the hearing on the motion, Addleman explained he had "settled" his claims by entering into the lease. Addleman acknowledged that he had "no interest in the property whatsoever." He expressly disavowed a right to proceeds from the sale of the property. At the conclusion of the hearing, the court entered an order dismissing Addleman's counterclaims with prejudice.[1] The order resolved the claims between the Bank and Addleman, stating that Addleman had

---

[1] The court also struck Addleman's answer to the extent that he intended to file an answer on behalf of Sober Living Services. Addleman, as a non-lawyer, could not represent a corporate entity. See Lloyd Enters., Inc. v. Longview Plumbing & Heating Co., 91 Wn. App. 697, 701, 958 P.2d 1035 (1998) (corporations are artificial entities and must act through their agents, therefore corporations appearing in court proceedings must be represented by an attorney.)

3

no "viable ownership interest or lien" as to the real property owned by Bass. The order also expressly provided that the dismissal would not affect "any claimed right of possession of the property by Mr. Addleman by way of a lease with Ms. Bass."

Because the other named defendants, Bass, McClintock, and Sober Living Services did not answer the complaint or otherwise appear, the Bank filed a motion for default judgment as to those defendants. The court granted the motion and entered a default judgement against Bass for the amount due on the note. The court dismissed McClintock and Sober Living Services, ruling that neither had a lien or other interest in the real property. The court also granted a motion to substitute U.S. Bank as the plaintiff.[2]

In February 2017, the Bank moved for an order allowing it to execute the judgment on the property. Because Bass did not reside on the property, the Bank sought a waiver of the requirement that it first execute the judgment on the debtor's personal assets before levying on the property. Around same time, the Bank learned that Bass passed away in December 2016, leaving an insolvent estate. Addleman objected to the Bank's motion based on his recent discovery of a 1983 "Maintenance Agreement." The document, signed by prior owners of Bass's property and owners of neighboring properties, memorialized an agreement to jointly maintain an easement. Addleman argued that this document gave him and others a right to occupy an easement on Bass's

---

[2] According to the motion to substitute, Nationstar had been the servicer of Bass's loan and was inadvertently named as the plaintiff, whereas U.S. Bank was the "loan owner" and the true "party-in-interest."

property. On February 23, 2017, the Court granted the motion allowing the Bank to execute the judgment on the property.

Addleman filed a motion to reconsider the February 23, 2017 order. He also filed a motion to vacate the order dismissing his counterclaims and the order granting default judgment. The trial court denied both motions. The court ordered the sale of the property in order to satisfy the judgment against Bass.[3]

Addleman filed two further motions to reconsider. The court denied these motions as well. Addleman appeals.[4]

## DISCUSSION

Although Addleman appeals several court orders entered in connection with the Bank's lawsuit, his arguments primarily relate to the court's order that dismissed his claims with prejudice. We review a trial court's ruling on a motion to dismiss under CR 12(b)(6) de novo, as a question of law. FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014). A CR 12(b)(6) motion challenges the legal sufficiency of the allegations in a complaint. Contreras v. Crown Zellerbach Corp., 88 Wn.2d 735, 742, 565 P.2d 1173 (1977).

Either party may submit documents not included in the original complaint for the court to consider in evaluating a motion to dismiss. Bavand v. OneWest

---

[3] The sheriff's sale occurred on October 6, 2017.

[4] Lawrence James Keele, apparently associated with Sober Living Services, filed an amicus curiae brief on Addleman's behalf. Because it appears that Keele is not an attorney licensed to practice law in Washington or in another jurisdiction as required by RAP 10.6, we do not consider the supplemental briefing.

Bank, F.S.B., 176 Wn. App. 475, 485, 309 P.3d 636 (2013); Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 726, 189 P.3d 168 (2008). Such submissions generally convert a CR 12(b)(6) motion into a motion for summary judgment. Bavand, 176 Wn. App. at 485. In considering a motion to dismiss, however, the trial court may take judicial notice of public documents if the authenticity of those documents cannot reasonably be contested or documents whose contents are alleged in a complaint but not physically attached to the pleadings. Rodriguez, 144 Wn. App. at 725-26.

Here, both the Bank and Addleman attached documents to support their respective positions on the motion to dismiss. The attachments were not limited to public documents and included content not specifically alleged in the pleadings. Accordingly, review under the summary judgment standard is appropriate.

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one upon which the outcome of the litigation depends. Greater Harbor 2000 v. City of Seattle, 132 Wn.2d 267, 279, 937 P.2d 1082 (1997). We review an order granting summary judgment de novo; all facts and reasonable inferences must be considered in the light most favorable to the nonmoving party. Lynott v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 123 Wn.2d 678, 685, 871 P.2d 146 (1994); Greater Harbor, 132 Wn.2d at 279.

Addleman's numerous arguments are difficult to follow in the manner presented. Nevertheless, it is reasonably clear that Addleman primarily

challenges the trial court's ruling that he had no "viable ownership interest" or enforceable lien against the real property at issue in the Bank's lawsuit. While Addleman acknowledged at the hearing that he had no ownership interest in the property, he now contends that the debt for unpaid wages gave rise to a property interest and prevented the dismissal of his claims. But the only evidence of a property interest before the trial court was the document asserting a mechanics' lien and the purported rental agreement between Addleman and McClintock. Even assuming the lien was valid when recorded, it was no longer enforceable. See RCW 60.04.141. And there was no evidence of a lease agreement with the property owner or a person authorized to act on her behalf. No genuine issues of material fact precluded the dismissal of Addleman's claims.

Addleman asserts that the order dismissing his claims is the result of fraud. Specifically, he relies on the fact that, at the August 2016 hearing on the motion to dismiss, counsel for the Bank stated that proof of service on Bass was "in the file." According to the record on appeal, the Bank served Bass with the summons and complaint in July 2016, but filed an affidavit of service two weeks after the August 2016 hearing.

Because he raised questions about service on Bass in his answer, Addleman argues that counsel must have reviewed the court file and could not have been simply mistaken. But it is equally possible that counsel had not investigated the issue, given that Addleman could not answer on Bass's behalf and had no standing to object to service as to Bass. There is nothing in the

record to suggest that the Bank engaged in fraud or otherwise intentionally misled the court.

Moreover, whether the Bank properly served Bass was immaterial to the issues between Addleman and the Bank. It was undisputed that the Bank properly served Addleman. The questions about service on Bass arose only because there was another motion before the court at the August 2016 hearing—the Bank's motion for a prejudgment writ of attachment. The court declined to rule on that motion because the Bank failed to establish proper service as to Bass.

Addleman raises various claims of error that are premised on his belief that Bass's property is subject to a prescriptive easement. But in the context of this proceeding for judgment on the promissory note, the relevance of an easement is not clear. If the property owned by Bass is burdened by an easement, it is unaffected by the underlying orders in this case.

Addleman argues that the trial court erred in dismissing his claims and entering subsequent orders without requiring service of the summons and complaint on unnamed parties designated in the caption as "Does 1-10," and owners of neighboring property. But contrary to Addleman's belief, the Bank was not required to serve parties who were not named and joined in the lawsuit.

Finally, Addleman alleges the court and the Bank engaged in inappropriate ex parte contact. However, the portions of the record he cites do not substantiate this claim. To the extent that Addleman's argument relates to

8

the Bank's motion for default judgment against Bass, McClintock, and Sober Living Services, Addleman fails to identify a procedural error.

Affirmed.

WE CONCUR: