[No. 65209-5-I.   Division One.   July 5, 2011.]

DUTCH VILLAGE MALL, LLC, *Appellant*, v. RAYMOND J. PELLETTI, *Respondent*.

*Jay Lei*, pro se on behalf of Dutch Village Mall.

*Steven L. Shropshire* (of *Shropshire Law Firm PLLC*) and *Randy A. Doucet* (of *Law Office of Randy A. Doucet PS*), for respondent.

¶1 BECKER, J. — A limited liability company (LLC) must be represented by a lawyer in order to litigate. This is simply an application of the general rule prohibiting laypersons from representing other persons or entities in court proceedings. Because a layperson does not have a lawyer's professional skills or ethical responsibilities, such representation imposes undue burdens on opposing parties and the courts. These considerations are just as important when the LLC has only one owner. We affirm an order requiring the appellant LLC to obtain legal representation in order to pursue its claim of unpaid rent.

¶2 Appellant Dutch Village Mall is an LLC that owns a shopping mall in Whatcom County. Jay Lei claims to be the sole owner, member, and officer of Dutch Village Mall.

¶3 Raymond Pelletti was a tenant in the mall. On February 2, 2010, Lei filed a complaint against Pelletti on behalf of Dutch Village Mall. Lei did not retain counsel; he signed the pleadings himself. Although the essence of the claim was failure to pay rent, the complaint also asserted that Pelletti was liable for tortious conduct, bad faith, and revenue fraud.

¶4 Pelletti appeared through counsel on February 18, 2010. Lei filed a motion for default on February 26. The hearing on the motion for default was set for March 12, 2010. Pelletti filed an answer on March 5, 2010. He requested that Dutch Village Mall withdraw the motion. Lei, on behalf of Dutch Village Mall, refused.

¶5 At the hearing on the motion for default, Lei admitted he was not an attorney. The court questioned whether Lei could represent Dutch Village Mall in court. The court denied the motion for default and reserved Pelletti's request for terms for future determination.

¶6 Shortly thereafter, Pelletti moved to strike the pleadings because they were not signed by an attorney. Lei responded that he should be able to represent his single member LLC in court the same as if he were representing himself.

¶7 The court granted the motion after a hearing on April 9, 2010. The order provided that the pleadings would be stricken unless, within 30 days, Dutch Village Mall obtained the signature of an attorney on the pleadings. The order awarded Pelletti $750 in sanctions for having to make and argue the motion to strike the pleadings, as well as $250 in terms for having to respond to the motion for default.

¶8 This court determined that the order issued on April 9 is appealable on a limited basis. "Review of the sanctions decision brings up for review only the questions of whether the trial court erred in granting Pelletti's motion to strike Lei's pleadings on the ground that Dutch Village Mall must be represented by a licensed attorney and erred in imposing CR 11 sanctions against Lei on this basis."[1]

¶9 "Washington law, with limited exception, requires individuals appearing before the court on behalf of another party to be licensed in the practice of law." *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wn. App. 697, 701, 958 P.2d 1035 (1998), *review denied*, 137 Wn.2d 1020 (1999). Because a corporation is an artificial entity, necessarily its interests in a court proceeding must be represented by a person acting on its behalf. Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus Washington, like all federal courts, follows the common law rule that corporations appearing in court proceed-

---

[1] Ruling on Mots., *Dutch Vill. Mall, LLC v. Pelletti*, No. 65209-5-I (Wash. Ct. App. May 26, 2010) (commissioner's ruling).

ings must be represented by an attorney. *Lloyd*, 91 Wn. App. at 701.[2]

¶10 The United States Supreme Court has stated that the rationale for the common law rule "applies equally to all artificial entities." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). The Court described as "aberrant" those few federal cases holding otherwise, including one that conditionally permitted a sole shareholder to appear for a closely held corporation. *Rowland*, 506 U.S. at 202 & n.5. In the same vein, we recently held that the rule applies equally to limited liability companies. *Marina Condo. Homeowner's Ass'n v. Stratford at the Marina, LLC*, 161 Wn. App. 249, 263-64, 254 P.3d 827 (2011).

¶11 The personal right of self-representation is not in dispute. A person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56, 586 P.2d 870 (1978). But a layperson's right of self-representation applies "only if the layperson is acting solely *on his own behalf*" with respect to his own legal rights and obligations. *Bar Ass'n*, 91 Wn.2d at 57.

¶12 Lei contends the right to appear pro se belongs to a single-person LLC as much as a person because the single owner is likewise acting solely on his own behalf, making all the decisions and taking all the risks, much like a sole proprietor. Lei contends the separate legal entity status of a single-member LLC is a technicality that the court should disregard.

¶13 In support of this proposition, Lei cites *Willapa Trading Co. v. Muscanto, Inc.*, 45 Wn. App. 779, 727 P.2d 687 (1986). There were two plaintiffs in that case. One was

---

[2] One recognized exception to the common law rule is that a corporation may appear in small claims court through a person who is not an attorney due to the statutory bar against representation by an attorney in small claims court. *State ex rel. Long v. McLeod*, 6 Wn. App. 848, 496 P.2d 540, *review denied*, 81 Wn.2d 1004 (1972).

the corporation, Willapa Trading Co. Inc. The other was Neil Wheeldon, the president, director, and sole stockholder of the corporation. At trial, Wheeldon asked and was allowed to represent both himself and his corporation. Both plaintiffs were unsuccessful. On appeal, the corporation argued that the trial court erred by allowing it to be represented by Wheeldon, a nonlawyer. This court found no abuse of discretion, in part because Wheeldon was acting solely on his own behalf and in part because any error was invited:

> Willapa relies upon the rule that the pro se exception normally applies only to a lay person acting solely on his own behalf. *Washington State Bar Ass'n v. Great Western Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 586 P.2d 870 (1978).
>
> While it may be somewhat unusual, we find no abuse of discretion in permitting Wheeldon to appear on his own behalf and for Willapa Trading Co., Inc., a corporation. Wheeldon was the president, director, and sole stockholder of Willapa. In acting for Willapa, he was, in fact, acting on his own behalf. No financial interests other than Wheeldon's were involved. Furthermore, the record reflects that Wheeldon sought permission from the court to appear for himself and his wholly owned corporation. If granting that permission was error, it was invited error, which he cannot now use to gain relief on appeal.

*Willapa Trading*, 45 Wn. App. at 786-87.

¶14 We do not find this passage in *Willapa Trading* to be a controlling precedent for several reasons.

¶15 First, the court recognized that the appellant was not entitled to relief because any error was invited. The acknowledgement that granting permission may have been error substantially undercuts any argument that *Willapa Trading* was meant to create an affirmative right to lay representation. *Willapa Trading* cannot be read as giving trial courts the discretion to permit artificial entities to be represented by nonlawyers.

¶16 Second, protecting the interests of other persons who may have financial interests in the artificial entity is only one of the reasons for the common law rule. A major

reason for prohibiting the conduct of litigation by a nonlawyer is that it creates burdens both for the represented party's adversaries and also for the court itself. "The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). The elaborate and inappropriate claims pleaded by Lei in this case and his refusal to withdraw a moot and pointless motion for default demonstrate that sole ownership does not dispel these concerns.

¶17 Another reason for prohibiting lay representation of a corporation is the inequity of allowing an individual "to establish the protections of a corporation and then not require that he also face the burdens of incorporation." *Lloyd*, 91 Wn. App. at 702-03 & n.5. This consideration is not a mere technicality. As Lei acknowledges, the purpose of forming an LLC is to limit liability. If Dutch Village Mall were the defendant in this lawsuit instead of the plaintiff, it is unlikely that Lei would accept the personal liability that would come with him and his company being one and the same person.

¶18 Third, to make an exception for single owner LLCs would invite threshold disputes over an LLC's claim to have but a single owner. For example, Lei now claims that Dutch Village Mall is a single-person LLC. But when the trial court asked him, "In what capacity are you here representing the plaintiff?" he responded, "As an owner-partner of the Dutch Village Mall." Courts and opponents should not have to get bogged down by the need to ascertain whether other persons have an interest in the entity the purported sole owner desires to represent. And even if the single-owner status of an LLC could be conclusively determined at the outset, that status could change during the course of a lawsuit, leading to more delay so that legal representation could be obtained.

¶19 We conclude there is no principled basis for making an exception for a single-member LLC. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Unlike a sole proprietorship, a sole member limited liability company is a distinct legal entity that is separate from its owner"; such a company may appear in federal court only through a licensed attorney). The lay individual, having chosen to accept the advantages of an artificial form, must bear the burdens of that choice. Dutch Village Mall was created as a separate and artificial legal entity. RCW 25.15.070(2)(c). As a matter of law, it is obligated to have its legal claims presented in court through a licensed attorney.

¶20 CR 11 provides, "If a pleading, motion, or legal memorandum is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." When a corporate entity presents a pleading not signed by an attorney, CR 11 is a proper basis for striking the pleading. *Biomed Comm, Inc. v. Dep't of Health, Bd. of Pharmacy*, 146 Wn. App. 929, 938, 193 P.3d 1093 (2008). The trial court correctly granted the motion to strike the pleadings of Dutch Village Mall unless, within 30 days, they were either withdrawn or signed by an attorney.

¶21 Also before us for review is that portion of the order awarding Pelletti $750 in sanctions under CR 11 for having to make and argue the motion to strike the pleadings. "Because CR 11 sanctions have a potential chilling effect, the trial court should impose sanctions only when it is patently clear that a claim has absolutely no chance of success. The fact that a complaint does not prevail on its merits is not enough." *Loc Thien Truong v. Allstate Prop. & Cas. Ins. Co.*, 151 Wn. App. 195, 208, 211 P.3d 430 (2009). Review of the trial court's imposition of CR 11 sanctions is for abuse of discretion. *Truong*, 151 Wn. App. at 207.

¶22 At the time of the trial court hearing on Pelletti's motion to strike the pleadings, it was not patently clear that Washington law prohibited lay representation of single-member LLCs. *Willapa Trading*, while it must now be classified as "aberrant," provided a basis to argue other-

wise. We therefore conclude the award of $750 in CR 11 sanctions was an abuse of discretion.[3]

¶23 For the same reason, we deny Pelletti's request for attorney fees on appeal. Pelletti requests an award of fees under RAP 18.9 as a sanction against Dutch Village Mall for filing a frivolous appeal. An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal. *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hearings Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764 (2010). Applying that standard, we conclude the appeal is not frivolous.

¶24 Affirmed in part, reversed in part.

GROSSE and APPELWICK, JJ., concur.

Reconsideration denied August 30, 2011.

Review denied at 173 Wn.2d 1016 (2012).

---

[3] The order of April 9, 2010, also awarded Pelletti $250 in terms for having to defend the default motion. We do not address that portion of the order because, as discussed in the commissioner's ruling on appealability, matters pertaining to the default are not before us.