IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | No. 79115-0-I |
| | ) | (Consolidated with No. 79280-6-I) |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| LORRAINE KNIGHT, Successor | ) | |
| Personal Representative of the Estate | ) | |
| of Steven A. Wolfla; and BRIAN A. | ) | |
| WOLFLA, Heir of Steven A. Wolfla, | ) | |
| | ) | |
| Appellants, | ) | UNPUBLISHED OPINION |
| | ) | |
| UNKNOWN HEIRS, LEGATEES AND | ) | |
| DEVISEES OF STEVEN A. WOLFLA; | ) | |
| UNKNOWN PARTIES IN | ) | |
| POSSESSION OR CLAIMING A | ) | |
| RIGHT TO POSSESSION; and | ) | |
| UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants. | ) | |

BOWMAN, J. — Lorraine Knight and her son Brian Wolfla appeal pro se the trial court's orders denying their motions to vacate the "Default Judgment and Decree of Foreclosure" of Steven Wolfla's property, to stay the foreclosure sale of the property, and to substitute Knight as a party defendant. Because Knight and Brian[1] fail to present a legal argument for review, we decline to reach the merits, and affirm.

---

[1] For clarity, we refer to Brian Wolfla and Steven Wolfla by their first names in this opinion. We intend no disrespect.

FACTS

Steven died in June 2012. Several months before his death, Steven defaulted on his home loan serviced by U.S. Bank National Association. In March 2016, U.S. Bank filed a summons and complaint for judicial foreclosure on his property. U.S. Bank was unable to locate and serve Steven's heirs.

In August 2016, the court authorized alternative service. U.S. Bank posted the summons and complaint for judicial foreclosure "at the real property," served the summons and complaint by certified mail to Steven's last known address, and gave notice by publication. On June 20, 2017, U.S. Bank obtained a Default Judgment and Decree of Foreclosure for $372,446.60. The court entered a corrected judgment on September 1, 2017 for $368,730.68 and issued an "Order of Sale for Property" on October 5, 2017.

In December 2017, Steven's ex-wife Knight moved to stay the sale of the property. Knight and Steven's adult son Brian claimed that U.S. Bank executed a "probate barred Judgment" and "failed to give proper notice of proceedings to ALL known heirs." The court granted a temporary stay of the scheduled sale. But at a January 18, 2018 hearing, the court determined that Knight lacked standing in the foreclosure. On August 3, 2018, the court issued a second order to sell the property.

Meanwhile, Knight was appointed as the successor personal representative of Steven's estate. In September 2018, Knight moved to substitute as "the indispensable party" defendant in the foreclosure action, claiming U.S. Bank was "unlawfully circumventing probate." She also filed another motion to stay the sale of Steven's property and to vacate the default

foreclosure judgment.  On October 10, 2018, the court denied Knight's motions to be a substitute party, to stay the sale of the property, and to vacate the default judgment.

On October 17, 2018, Knight filed an emergency motion to stay the sale of Steven's property pending her appeal of the court's orders denying her motions to vacate, stay, and substitute.  The court denied her emergency motion to stay the sale.

On October 23, 2018, Brian filed an emergency motion requesting a restraining order to stay the sale of Steven's property.  Brian claimed that U.S. Bank initiated the foreclosure action without proper notice to the parties and that it "continually circumvent[s] probate."  The court denied Brian's motion.

Knight and Brian each appealed the court's orders denying their multiple motions to vacate the default judgment, to stay the sale of the property, and to substitute Knight as a party defendant.  We consolidated their appeals.

ANALYSIS

Knight[2] argues that Steven's property was "wrongly taken."  But she provides no legal authority in support of this claim.  An appellant's opening brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."  RAP 10.3(a)(6).  We hold pro se litigants to the same standard as attorneys.  In

---

[2] In her brief on appeal, Knight purports to argue on behalf of Brian "in proxy."  But representing another person in court is the practice of law. Dutch Vill. Mall, LLC v. Pelletti, 162 Wn. App. 531, 535, 256 P.3d 1251 (2011).  And one must be an active member of the state bar to practice law.  RCW 2.48.170.  Because Brian did not file a brief, we decline to address his issues, and affirm the court's orders. See RAP 12.1(a).

3

re Estate of Little, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23, review denied, 194 Wn.2d 1006, 451 P.3d 335 (2019).

Knight also asserts the trial court erred in denying her motions to vacate the Default Judgment and Decree of Foreclosure, stay the sale of Steven's property, and substitute her as a party defendant. But again, she provides no legal argument to support her claim. Instead, she repeats inaccurate and conclusory allegations. For example, Knight claims without legal analysis that U.S. Bank initiated the foreclosure action against Steven's property without proper service. But the record shows that U.S. Bank complied with the court's order authorizing alternative service. We do not consider facts recited in the brief but unsupported by the record. Sherry v. Fin. Indem. Co., 160 Wn.2d 611, 615 n.1, 160 P.3d 31 (2007) (citing RAP 10.3(a)(5)).

We affirm the court's orders denying Knight's motions to vacate the Default Judgment and Decree of Foreclosure, stay the sale of Steven's property, and substitute Knight as a party defendant.

WE CONCUR: