**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; DOUG BASLER; HOWARD FERGUSON; DIANA BASS; TIMOFEY SAMOYLENKO; AMY BEHOPE; MARY HALLOWELL; SAMANTHA BUCARI; RONALD STEWART; LYDIA ZIBIN; CATHERINE DODSON,<br><br>             Appellants,<br><br>        v.<br><br>JULIE WISE, Director of King County Elections; KING COUNTY, DOES 1-30, inclusive, and WASHINGTON STATE DEMOCRATIC CENTRAL COMMITTEE,<br><br>             Respondents. | No. 85983-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Washington Election Integrity Coalition United (WEICU) appeals dismissal of its claims against King County for failing to disclose ballot information from the 2020 election under the Public Records Act (PRA), ch. 42.56 RCW. Pro se plaintiffs Doug Basler and Timofey Samoylenko appeal dismissal of their claims against King

County based on allegations of election misconduct.[1]  Because WEICU's complaint was not signed by an attorney in violation of CR 11, and because Basler and Samoylenko abandoned their claims, we affirm.

I

In September 2021, WEICU, Basler, and Samoylenko sued King County and King County Elections Director Julie Wise.  Basler and Samoylenko asserted that misconduct by Director Wise tainted the 2020 election results.  They asserted several claims under RCW 29A.68.013 including use of an uncertified voting system, vote flipping, allowing party preference, ballot security issues, and sought injunctive and declaratory relief.  Basler and Samoylenko claimed civil rights violations under 42 U.S.C. § 1983 and 1988, and violations of their state and federal constitutional rights.  WEICU asserted one claim—a violation of the PRA.  WEICU sought disclosure of original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes, and returned ballots for the 2020 election.  The complaint was signed and verified by Basler, Samoylenko, and the director of WEICU, but it was not signed by an attorney for WEICU.

King County removed the case to federal district court.  After King County filed its answer and counterclaims seeking declaratory relief and injunctive relief, the federal district court determined it lacked subject matter jurisdiction because the individual plaintiffs lacked Article III standing.  The court also determined it lacked supplemental jurisdiction over the state law claims.  The court remanded the case to King County

---

[1] The complaint originally included pro se plaintiffs Doug Basler, Howard Ferguson, Diana Bass, Timofey Samoylenko, Amy Behope, Mary Hallowell, Samantha Bucari, Ronald Steward, Lydia Zibin, and Catherine Dodson.  Only Basler and Samoylenko appealed to this court.

Superior Court. Virginia Shogren appeared as attorney of record for WEICU after the case was remanded.

King County amended its answer and asserted counterclaims seeking declaratory judgment that ballots, ballot images, and voter signatures on ballot envelopes were exempt from public disclosure under the PRA. King County also sought injunctive relief under the PRA preventing WEICU from obtaining the requested records.

Washington State Democratic Central Committee (WSDCC) successfully moved to intervene under CR 24 as an organization dedicated to representing the interests of Washington's democratic voters and with an interest in ensuring the official certified results of Washington's 2020 election remain undisturbed and credible.

WEICU moved for declaratory judgment seeking a court finding that tabulated Washington State ballots were anonymous public records under RCW 29A.08.161.[2] WEICU also moved for a show cause order on its PRA claim asking the trial court to compel King County to permit inspection of original ballots, ballot images, spoiled ballots, and returned ballots. King County moved for summary judgment on all claims and argued that WEICU's PRA claim: (1) failed under CR 11 because the complaint was not signed by an attorney, (2) failed as a matter of law because the requested records were not subject to public disclosure, and (3) failed because King County fully complied with the requirements of the PRA. King County sought declaratory and injunctive relief that the requested records were not subject to public disclosure.

---

[2] RCW 29A.08.161 provides that "[n]o record may be created or maintained by a state or local governmental agency or a political organization that identifies a voter with the information marked on the voter's ballot, except the declarations made under RCW 29A.56.050(2)."

The trial court granted summary judgment and dismissed all of WEICU's claims. The court also granted King County's motion to strike the PRA cause of action pursuant to CR 11 and declared that "King County cannot as a matter of law disclose original, spoiled or returned ballots or images of those ballots to the public and cannot provide voter signatures on ballot envelopes for copying." The trial court granted summary judgment against Basler and Samoylenko because they failed to respond or present evidence. The court determined their election-related claims were barred by RCW 29A.68.013 because they were not supported by timely affidavits.

The trial court denied WEICU's motion to show cause because King County met its burden under the PRA by "showing that their refusal to permit public inspection of these ballots is in accordance with a statute that exempts or prohibits disclosure." The trial court also denied WEICU's motion for declaratory judgment because such a judgment "as to the meaning and application of RCW 29A.08.161 would not terminate the uncertainty of controversy giving rise to this proceeding."

After unsuccessfully seeking reconsideration, WEICU sought direct review by the Washington Supreme Court of the order granting WSDCC's motion to intervene, the order granting summary judgment, the order denying its motion to show cause, and the order denying declaratory judgment. Basler and Samoylenko also sought direct review by the Supreme Court. The Supreme Court transferred this matter to this court for review.

II

WEICU argues the trial court erred by striking its PRA claim for failure to comply with CR 11. We disagree.

CR 11(a) requires that all pleadings, motions, and legal memoranda of a party represented by an attorney be signed and dated by at least one attorney of record. By signing, the attorney certifies that to the best of their knowledge and belief the pleading, motion, or legal memoranda is "well grounded in fact," "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law," and "it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." CR 11(a). "The purpose behind CR 11 is to deter baseless filings and to curb abuses of the judicial system." Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992).

"Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney." Dutch Vill. Mall v. Pelletti, 162 Wn. App. 531, 535-36, 256 P.3d 1251 (2011); see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721, 121 L. Ed. 2d 656 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."). "When a corporate entity presents a pleading not signed by an attorney, CR 11 is a proper basis for striking the pleading." Dutch Vill. Mall, 162 Wn. App. at 539. But courts should permit a corporation a reasonable amount of time to cure the defect once the corporation is aware of it. Biomed Comm, Inc., v. Dep't of

-5-

Health Bd. of Pharm., 146 Wn. App. 929, 935, 193 P3d 1093 (2008); see also Lloyd

Enters., Inc., v. Longview Plumbing & Heating Co., Inc., 91 Wn. App. 697, 699, 958

P.2d 1035 (1998) (affirming the trial court's striking of pleadings under CR 11 when

party was given 20 days to cure the defect and failed to do so).

In Dutch Village Mall, the sole owner of an LLC filed a complaint and, following

the filing of an answer and a motion for default, the defendant moved to strike the

pleadings because they were not signed by an attorney.  162 Wn. App. at 534-35.  The

owner, admittedly not an attorney, argued that he should be able to represent his single

member LLC as if he were representing himself.  Dutch Vill. Mall, 162 Wn. App. at 535.

The trial court granted the motion to strike.  This court agreed with the trial court and

held that a corporation—including single member LLCs—must present its legal claims in

court through a licensed attorney.  Dutch Vill. Mall, 162 Wn. App. at 539.

WEICU is a corporation and Shogren did not sign the complaint.  WEICU learned

of its omission by at least May 5, 2023, when King County argued the violation of CR 11

in its motion for summary judgment.  At the time of the hearing on the motions on June

2, 2023, WEICU's complaint remained unsigned by an attorney.  At oral argument,

Shogren admitted she did not seek leave to amend the complaint once she learned

about the omission even though more than 30 days passed before the trial court signed

the order on summary judgment.  Under CR 11, it was proper to strike WEICU's PRA

claim and the trial court did not err in doing so.  Dutch Vill. Mall, 162 Wn. App. at 539.

Because WEICU's complaint was not signed by an attorney and the omission

was not remedied within a reasonable time from when King County moved for summary

judgment, the trial court properly struck WEICU's PRA claim under CR 11. As a result, we do not address WEICU's remaining arguments related to its PRA claim.[3]

III

Basler and Samoylenko appeal the summary judgment order dismissing their election claims. We agree with the trial court.

Summary judgment requires that opposing affidavits be made on personal knowledge, set forth facts that would be admissible in evidence and that show there is a genuine issue for trial. CR 56(e). While Basler and Samoylenko participated in the proceedings below, including participating in the deposition of Director Wise, they failed to file responsive pleadings in the trial court. The trial court properly dismissed the election claims. West v. Gregoire, 184 Wn. App. 164, 171, 336 P.3d 110 (2014) ("a plaintiff abandons a claim asserted in a complaint by failing to address the claim in opposition pleadings, present evidence to support the claim, or argue the claim in response to a summary judgment motion"). Further, any election contest claim brought under chapter 29A.68 RCW must be done within 10 days of certification. RCW 29A.68.013. As a result, Basler and Samoylenko's claims were also untimely.

Basler and Samoylenko also did not submit briefs to this court or provide any argument for us to consider. They have abandoned their claims and the matter is not

---

[3] WEICU also contends that a notice of appearance under CR 70.1 is enough to overcome the failure to comply with CR 11 and that King County, by proceeding in federal court, was precluded from raising a CR 11 violation in superior court at summary judgment. WEICU fails to provide supporting authority for either argument. The issues are inadequately briefed and we do not address them. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (argument unsupported by reference to the record or citation to authority will not be considered).

properly before us.[4]  RAP 9.12; see also Green v. Normandy Park Riviera Section Cmty. Club, 137 Wn. App. 665, 687, 151 P.3d 1038 (2007) (contention that was pleaded, but not raised in opposition to summary judgment, cannot be considered for the first time on appeal).

IV

WEICU seeks attorney fees on appeal under the PRA and RAP 18.1.  RAP 18.1(a) provides that a party to an appeal may request recovery of "reasonable attorney fees or expenses" if the applicable law grants the party the right to recover.  WEICU points to RCW 42.56.550(4), which provides for an award to a person who prevails against an agency in a PRA action, as the basis for its request.  WEICU did not prevail against King County, so there is no basis for awarding it attorney fees and costs on appeal.  King County, as the prevailing party, may seek to recover its costs.  RAP 14.2; 14.3.

King County requests that this court impose sanctions, including attorney fees and compensatory damages on all appellants.  First, King County asks this court to sanction WEICU under RAP 18.9 because the appeal is frivolous.  Similarly, WSDCC asks this court to require WEICU to pay WSDCC's attorney fees on appeal.

This court may, "on its own initiative or on motion of a party," order a party who violates the rules or files a frivolous appellate action "to pay terms or compensatory damages to any other party who has been harmed by the delay or failure to comply." RAP 18.9(a).  "Appropriate sanctions may include, as compensatory damages, an

_____

[4] In its brief, WEICU makes several arguments related to the election claims brought only by the pro se plaintiffs.  King County moved to strike all arguments WEICU made that are unrelated to the PRA claim.  King County's motion is granted.

award of attorney fees and costs to the opposing party." Kinney v. Cook, 150 Wn. App. 187, 195, 208 P.3d 1 (2009) (quoting Yurtis v. Phipps, 143 Wn. App. 680, 696, 181 P.3d 849 (2008)).  An intervenor may seek and is entitled to sanctions.  See Spokane Rsch. & Def. Fund v. City of Spokane, 155 Wn.2d 89, 98-99, 117 P.3d 1117 (2005) ("if [intervenor] prevails . . . he is entitled to attorney fees, costs, and sanctions").

In determining whether an appeal is frivolous, the court examines the entire record for whether debatable issues on which reasonable minds might differ exist and whether the argument is so devoid of merit that there is no chance of reversal.  Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010).  Any doubts on whether an appeal is frivolous should be resolved in favor of the appellant.  Advocs. for Responsible Dev., 170 Wn.2d at 580.

WEICU filed a complaint that was not signed by an attorney in violation of CR 11. WEICU pursued its lawsuit and conducted discovery, still without curing its omission. Despite having reasonable time to seek leave to amend the complaint, Shogren never did so.  WEICU then pursued this appeal despite the fatal omission under CR 11. WEICU also pursued its appeal despite recent legislation and controlling case law holding that ballots and ballot images are exempt from public disclosure.[5]  We conclude WEICU's PRA and appeal was frivolous.  Sanctions against WEICU and its counsel, Shogren, are appropriate.

---

[5] RCW 42.56.420(7)(a)(iii); RCW 42.56.425(1)(e); White v. Clark County, 188 Wn. App. 622, 354 P.3d 38 (2015); White v. Skagit County, 188 Wn. App. 886, 898, 355 P.3d 1178 (2015); White v. Clark County, 199 Wn. App. 929, 401 P.3d 375 (2017); Wash. Election Integrity Coal. United v. Schumacher, 28 Wn. App. 2d 176, 537 P.3d 1058, review denied, 2 Wn.3d 1025 (2023).

King County contends that Basler and Samoylenko should be sanctioned under both RAP 18.1 and RCW 29A.68.060. RCW 29A.68.060 authorizes a judgment for costs where an action is dismissed for insufficiency. Costs are defined to include statutory attorney fees. RCW 4.84.010. Because RCW 29A.68.060 refers only to costs, reasonable attorney fees are not recoverable in election contests—only statutory attorney fees. Dumas v. Gagner, 137 Wn.2d 268, 294, 971 P.2d 17 (1999).

Basler and Samoylenko filed a complaint alleging untimely claims, conducted discovery, and then failed to present argument or evidence to the trial court. Because Basler and Samoylenko's claims were properly dismissed on summary judgment for insufficiency, judgment for costs under RCW 29A.68.060 is appropriate.

As a result, subject to compliance with RAP 18.1, we award King County and the WSDCC their costs and statutory attorney fees, against Basler and Samoylenko, jointly and severally, under RCW 29A.68.060 and RAP 18.1. We award King County and WSDCC their costs, including reasonable attorney fees, against WEICU and its counsel, Shogren, jointly and severally, under CR 11, RAP 18.1, and RAP 18.9.

Affirmed.

_Mann, J._

WE CONCUR:

_Birk, J._                    _Smith, C.J._

-10-