IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STAFFORD HEALTHCARE SEATAC, LLC,

                Respondent,

        v.

GALE M. PAGE,

                Appellant.

No. 85702-9-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, A.C.J. — As personal representative of her mother's estate, Rashida Miller appeals the trial court's grant of default judgment in favor of Stafford Healthcare SeaTac LLC. Based largely on deficiencies in briefing and the record designated on appeal, Miller fails to demonstrate entitlement to relief and we affirm.

FACTS

The record designated in this appeal consists of three items: roughly 300 pages of documents filed in the trial court, the amended answer and counterclaim, and a declaration of Rashida Miller filed contemporaneously with the answer and counterclaim. We do not have the complaint that initiated the suit or any subsequent pleadings, nor was a report of proceedings transmitted to this court. As such, we glean only the barest of procedural facts from the trial court record: Miller asserts that her mother, Gale Page, became a resident at Stafford Healthcare SeaTac in November 2021 after her health declined dramatically and Miller was no longer able

to provide residential care for Page. A dispute arose with regard to payment for Page's residential care and she was discharged from the facility.

Based only on the case caption in the default judgment from the trial court, it appears that Stafford filed suit against Page, but again, we do not have the complaint before us. On June 2, 2023, Miller filed an answer and counterclaim on Page's behalf, signing as her attorney-in-fact.[1] On July 18, the court entered a default judgment against Page in the amount of $22,637.44, awarded costs of $240, and noted that Page did not appear in person or through counsel at a hearing on July 10.

On August 15, Miller filed a notice of appeal in King County Superior Court that designated only the default judgment in favor of Stafford and again asserted her role as attorney-in-fact for Page. The same notice of appeal was filed in this court a week later. Miller filed an opening brief in the case on October 30 but it was rejected by a commissioner of this court as there had been no motion to substitute a party. In January 2024, Miller filed a motion in this court to substitute herself as the appellant in this case because Page had passed away in September 2023. The commissioner granted that motion and Miller's opening brief was accepted. Counsel for Stafford formally withdrew in September 2023 and no response brief was filed.

## ANALYSIS

In her opening brief, Miller notes that she is a pro se litigant and presents two assignments of error: that the trial court erred in entering the default judgment and

---

[1] There is only a power of attorney document for healthcare in the materials Miller filed in the trial court. Nothing before us establishes that Miller was Page's attorney-in-fact for purposes of litigation.

in "not considering fact based evidence provided to them during the trial court process, incorrect orders were entered for clerical errors and no time was communicated to all parties for a hearing." She further requests that this court release her from "any penalties or obligations for unpaid bills to Stafford Healthcare LLC or their attorneys" and further seeks an award of "$2.2 million dollars to be granted to the estate of G. Page and any additional considerations the court feels necessary."

I.      Compliance with Rules of Appellate Procedure

As set out in RAP 1.1(a), the Rules of Appellate Procedure "govern proceedings in the Supreme Court and Court of Appeals for review of a trial court decision." "These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits." RAP 1.2(a). However, we hold pro se litigants to the same standard as attorneys. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). RAP 9.6 directs that the party seeking review is responsible for designating the record on appeal and arranging for its transmission to this court, though it also allows any party to supplement the record as needed. RAP 10.3 sets out the requirements for the brief of appellant generally and RAP 10.3(a)(5) explains that it must include a "fair statement of the facts and procedure relevant to the issues presented for review, without argument. *Reference to the record must be included for each factual statement.*" (Emphasis added.) RAP 10.3(a)(6) further requires that the brief contain "argument in support of the issues presented for review, *together with citations to legal authority and references to relevant parts of the record.* . . . The court ordinarily encourages a concise statement of the standard of review as to

each issue." (Emphasis added.) Miller's failure to comply with the RAPs results in procedural barriers to appellate review.

Miller does not provide the standard of review for a default judgment and the inadequate record designated for appeal provides no way for us to understand the procedural history of the case. The argument she presents in briefing does not cite to the trial record, contravening the requirements in RAP 10.3(a)(5) and (6). Without the ability to see what occurred in the trial court, we are unable to determine the proper standard of review or controlling authority in order to assess whether the court committed error.

Further, the authority Miller does offer is not controlling or, in some cases, valid. She provides four separate citations to RCWs in her brief which she sets out as follows: "4.8.30 [sic] (Default Judgment)," "4.8.40 [sic] (Counterclaims)," "2.24.050 (Admissibility of Evidence)," and "4.06.110 (Time of Hearing)." However, RCW 4.08.030 is entitled, "Either spouse or either domestic partner may sue for community—Necessary parties," and has nothing to do with default judgments. Similarly, RCW 4.08.040 does not address counterclaims, but rather, when spouses or domestic partners may join or defend an action. RCW 2.24.050 does not address "admissibility of evidence," but instead explains that actions taken by court commissioners are subject to revision by the superior court. The Washington State Rules of Evidence govern admissibility of evidence in our state court system. Finally, there is no RCW 4.06.110 in our state code, in fact there is no chapter 4.06 RCW at all. "Where no authorities are cited in support of a proposition, we are not required to search out authorities, but may assume that counsel, after diligent

- 4 -

search, has found none." *Helmbreck v. McPhee*, 15 Wn. App. 2d 41, 57, 476 P.3d 589 (2020); *see also DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

II.     Substantive Challenges

The deficient record and noncompliance with the RAPs prevent comprehensive review of Miller's assignments of error. Nonetheless, we endeavor to explain to this pro se appellant why that is so.

A.     Entry of Default Judgment

Our civil rules for superior courts specifically allow that a motion for default may be made "when a party against whom a judgment for affirmative relief is sought has failed to appear, plead, or otherwise defend as provided by these rules and that fact is made by motion and affidavit." CR 55(a)(1). Subsection (b) of that rule sets out the procedure for entry of default judgment and (c) provides the process for setting aside a default, namely by referring to CR 60.

While Miller assigns error to the court's entry of default judgment against her mother, she fails to explain, by citing to the record from the trial court or controlling authority, how that ruling was erroneous under the civil rules. Further, there is no indication that Page attempted to set aside the order on default by bringing a motion to vacate under CR 60. Because the record transmitted on appeal does not establish how the default was brought to the attention of the trial court or the factual basis it considered in reaching its ruling, Miller has failed to demonstrate error.

B.      Failure to Consider Evidence and Communication of Court Dates

In her other assignment of error, Miller asserts that the trial court failed to consider evidence submitted in defense of Stafford's claims, clerical errors resulted in entry of incorrect orders, and dates and times of hearings were not communicated to all necessary parties.  To reiterate, the only information we have from the trial court with regard to the nature of the default is set out in the default judgment.  There, the court expressly stated that a hearing was set on July 10, 2023 and that Stafford appeared through counsel, but "[d]efendant GALE PAGE did not appear in person or by counsel."  If Page failed to appear at the hearing due to clerical errors or because she did not receive proper notice of the hearing, either claim could have been a basis to bring a motion to vacate the default under CR 60.  Again, we have no indication from the record that such a motion was presented.

If the assertion of failure to consider evidence is premised on Miller's contention that the court failed to consider the answer and accompanying exhibits she filed on her mother's behalf, CR 12(a)(1) directs that a defendant must serve an answer "within 20 days, exclusive of the date of service, after the service of the summons and complaint upon the defendant pursuant to [CR] 4."  Again, the complaint filed by Stafford is not in the record before us, so we cannot determine if the answer was timely under the rule.  More critically, however, CR 11(a) plainly states,

> Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by at least one attorney of record in the attorney's individual name, whose address and Washington State Bar Association membership number shall be stated.  A party who is not represented by an attorney shall sign and

date the party's pleading, motion, or legal memorandum and state the party's address.

Miller noted in her brief on appeal that she is a pro se litigant, after having filed a motion to substitute for her mother in this appeal since Page passed away. We accept Miller's self-designation as a concession that she is not an attorney licensed in the State of Washington. While she signed the answers and counterclaim as, "Power of Attorney for G. Page," this does not entitle her, a non-lawyer, to represent another person in litigation. "'Washington law, with limited exception, requires individuals appearing before the court on behalf of another party to be licensed in the practice of law.' . . . Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170." *Dutch Vill. Mall, LLC v. Pelletti*, 162 Wn. App. 531, 535, 256 P.3d 1251 (2011) (citation omitted) (quoting *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wn. App. 697, 701, 958 P.2d 1035 (1998).

While we have endeavored to provide some explanation for the procedural outcome of this case, we are hampered by an insufficient record. Because Miller's claims on appeal lack citations to the trial court record or sufficient argument of controlling legal authority, we affirm.

WE CONCUR: