IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KINGS-MEN CONSTRUCTION INC., a Washington corporation,<br><br>　　　　　　　Respondent,<br><br>　　　v.<br><br>LYLE P. SCHLACKS,<br><br>　　　　　　　Appellant,<br><br>　　　and<br><br>MARIA R. HUNT, and all occupants of 40409 State Route 20, Oak Harbor, Washington,<br><br>　　　　　　　Defendants. | No. 87807-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — Lyle Schlacks appeals pro se from the final judgment and order entered following a bench trial between Kings-Men Construction Inc. and Maria Hunt. On appeal, Schlacks asserts that the court erred when it declared that a certain easement against real property owned by Hunt was valid. Because Schlacks has not established that he has standing to contest the portion of the final judgment designated on appeal, we hold that his appeal must be dismissed.

FACTS

In May 2023, Kings-Men Construction Inc. filed a complaint in Island County Superior Court that identified as defendants Maria Hunt, the owner of certain real

property, and unnamed defendants occupying that property. In its complaint, Kings-Men alleged that since 1996 it had an easement over Hunt's property granting it the right to access and install certain septic field infrastructure thereon and, since 2023, the defendants had engaged in conduct interfering with its rights under that easement. The construction company sought, among other things, declaratory relief that the easement was valid, injunctive relief forbidding the interfering conduct, and $10,000 in damages.

A process server affixed service of process to the front door of a residence on Hunt's property and personally accomplished service of process on an individual identified as Lyle Schlacks, who confirmed that he was occupying that residence. One month later, in June 2023, Kings-Men amended its complaint to name Schlacks as a defendant and allege that he was a current occupant of the property.[1] Kings-Men then accomplished service of process on Schlacks by mail.

Hunt appeared in the proceedings represented by counsel, but Schlacks did not appear or file an answer. In December 2023, six months after it filed its amended complaint and mailed service of process, Kings-Men moved for an order of default and default judgment to be entered against Schlacks. The court later entered a corresponding order and judgment, ruling,

> Schlacks is barred from contesting that the reservation of rights contained within Island County Auditor File No. 96021534 for the access to and installation of drainfield, lines and other necessary appurtenances for the off-site septic fields are valid and transferable by Kings-Men Construction Inc.[2]

---

[1] Kings-Men also alleged that Schlacks was a prior owner of the real property in question.
[2] Island County Auditor File No. 96021534 is a file containing the easement in question.

Eleven months later, in November 2024, a two-day bench trial between Kings-Men and Hunt was conducted, with each presenting opening statements, witness testimony, exhibits, and closing argument. Schlacks did not appear at trial. The following day, the court issued an oral ruling that granted, in relevant part, Kings-Men's request for a declaration that the easement in question was valid.

The court instructed Kings-Men's counsel to draft written orders to memorialize its oral rulings, and two months later, in January 2025, the court held a presentation hearing on those orders. At that posttrial hearing, Schlacks appeared in court for the first time in this case. The court provided him with the opportunity to speak to identify himself and explain the role that he thought he had in the hearing.

After being sworn in, he indicated that he was formally known as Lyle Schlacks but he had changed his name,[3] argued that he "just found out about this," and attempted to offer an affidavit into evidence.[4] The court indicated that it was not accepting his evidence, instructed him to talk to the clerk about filing documents, and, based on his representations to the court, determined that he did not have a further speaking role in that hearing.[5] The court later entered orders setting forth its written findings of fact, conclusions of law, and final judgment.

Schlacks timely appealed.

---

[3] Despite this assertion in the trial court and his offer of certain evidence in support, Schlacks submitted his briefing to this court using only the name "Lyle P. Schlacks." Accordingly, we refer to him in the same manner in this opinion.

[4] Schlacks indicated to the court that he had in his possession a document that showed he had legally changed his name to "Lyle-Perry Kinzey-Schlacks."

[5] The record designated on appeal does not reflect that Schlacks filed further documentation in this case on this topic.

ANALYSIS

On appeal, Schlacks challenges only the first paragraph of the trial court's final judgment ruling that the easement in question is valid. Because he fails to contest the default judgment that precludes him from bringing such a challenge or adequately reference the trial court record in his briefing, Schlacks has not established that he has standing to bring this appeal.

"We hold a pro se litigant to the same standard as an attorney." *In re Est. of Little*, 9 Wn. App. 2d 262, 274 n.4, 444 P.3d 23 (2019). "Standing" is defined as a "party's right to make a legal claim or seek judicial enforcement of a duty or right based on the party's having a sufficient interest in a justiciable controversy." BLACK'S LAW DICTIONARY 1700 (12th ed. 2024). For the purpose of standing on appeal, we have recognized that

> "[o]nly an aggrieved party may seek review by the appellate court." RAP 3.1. "While RAP 3.1 does not itself define the term 'aggrieved,' Washington courts have long held that '[f]or a party to be aggrieved, the decision must adversely affect that party's property or pecuniary rights, or a personal right, or impose on a party a burden or obligation.'" *Randy Reynolds & Assocs. v. Harmon*, 193 Wn.2d 143, 150, 437 P.3d 677 (2019) (quoting *In re Parentage of X.T.L.*, No. 31335-2-III, slip op. at 17 (Wash. Ct. App. Aug. 19, 2014) (unpublished), https://www.courts.wa.gov/opinions/pdf/313352.unp.pdf. In other words, the decision must operate prejudicially and directly on the party's rights or interests; "'the right invaded must be immediate, not merely some possible, remote consequence.'" *Sheets v. Benevolent & Protective Ord. of Keglers*, 34 Wn.2d 851, 855, 210 P.2d 690 (1949) (quoting 4 C.J.S. *Appeal and Error* § 183(b)(1), at 356 (1937)).

*Hays Elliott Props., LLC v. Horner*, 25 Wn. App. 2d 868, 872, 528 P.3d 827 (2023) (some alteration in original). The remedy for lack of appellate standing is dismissal of the appeal. *See id.* at 872.

RAP 10.3(a)(5) sets forth that "[r]eference to the record *must* be included for each factual statement" in an appellate brief's "Statement of the Case" section. (Emphasis added.) Additionally, RAP 10.3(a)(6) provides that an appellate brief's "Argument" section must include the "argument in support of the issues presented for review, together with citations to legal authority and *references to relevant parts of the record*." (Emphasis added.) The purpose of the foregoing rules is, in pertinent part, to "enable the court and opposing counsel . . . to review the accuracy of the factual statements made in the briefs." *Litho Color, Inc. v. Pac. Emp'rs Ins. Co.*, 98 Wn. App. 286, 305-06, 991 P.2d 638 (1999).

Here, as mentioned *supra*, when Schlacks did not appear in court or file an answer to Kings-Men's complaints, the trial court entered default judgment against him and ruled that

> Schlacks [wa]s barred from contesting that the reservation of rights contained within Island County Auditor File No. 96021534 for the access to and installation of drainfield, lines and other necessary appurtenances for the off-site septic fields are valid and transferable by Kings-Men Construction Inc.

On appeal, Schlacks did not designate the court's default judgment entered against him but, rather, designated the court's order containing its final judgment entered in this matter.[6] In his notice of appeal, he expressly stated, "Lyle P. Schlacks, defendant, seeks review by the designated appellate court of the 'Judgment and Order', []Paragraph 1," attached both the findings of fact and conclusions of law and final judgment entered by the trial court on January 6, 2025,

---

[6] Hunt did not file a notice of appeal.

and signed the notice in his individual capacity as a pro se litigant.[7] The challenged paragraph of the trial court's "Judgment and Order" reads as follows:

> Defendant Maria Hunt's request to dismiss Kings-Men's claims based upon the Agreement Reserving Easements For Off-Site Septic Drainfield Facilities filed on July 31, 1996 under Island County Auditor's File No. 96013427 being re-recorded on December 19, 1996 under Island County Auditor's File No. 96021534 to correct a legal description is DENIED. *The "Agreement Reserving Easements For Off-Site Septic Drainfield Facilities" is valid.*

(Emphasis added.) Notably, in his opening appellate brief, the sections setting forth his "Statement of the Case" and "Argument" do not contain any citation or reference to the clerk's papers or verbatim report of proceedings from the bench trial in this case.

We conclude that Schlacks has not established that he is an aggrieved party for the portion of the final judgment that he appealed. In order for him to show that he is an aggrieved party, he must establish that he has a right or interest in the order designated on appeal; specifically, a right implicated by the court's determination that the easement in question is valid. However, his opening brief presents no citation to the record supporting that he possesses such a right or interest.[8] Therefore, he has not presented adequate evidence to establish that he is an aggrieved party on appeal.

---

[7] Despite including the findings and conclusions with his notice of appeal, Schlacks does not present any assignment of error to that order. Accordingly, he has abandoned any challenge to the trial court's findings or conclusions.

[8] We note, for example, that he is not named in the final judgment and order from which he appeals. Further, while his reply brief contains a single sentence that includes a citation to over 300 pages of the record, this still falls far short of his obligation to adequately and accurately inform this court of a qualifying right or interest on appeal. Separately, since it is referenced for the first time in his reply brief, it also does not have the effect of fairly informing opposing counsel of the factual basis of his challenge on appeal. *See City of Spokane v. White*, 102 Wn. App. 955, 963, 10 P.3d 1095 (2000) ("A reply brief is generally not the proper forum to address new issues because the respondent does not get an opportunity to address the newly raised issues.").

Furthermore, even if he did refer to the record and present references in support of the existence of the required right or interest, the default judgment resulting from his failure to properly and timely appear in the trial court precludes him from challenging this aspect of the trial court's final judgment. As a preliminary matter, he did not designate for appellate review the default judgment entered against him, assign error to that default judgment, or present argument or authority in support of alleged error therein on appeal. Therefore, the court's default judgment is unchallenged on appeal. This is significant because, although Schlacks endeavors to contest the validity of the easement in question, he is specifically barred from doing so as set forth in the default judgment entered against him. Given this, he is precluded from establishing a right or interest as to the validity of the easement on appeal.[9]

---

[9] To the extent that Schlacks seeks to challenge the portion of the court's ruling that denied Hunt's motion to dismiss, we reject this challenge for the same reasons as discussed herein.

Thus, Schlacks fails to demonstrate that he has a requisite right or interest to seek review of the judgment appealed.[10]  Accordingly, he has not established that he has standing to appeal this matter.[11]

Dismissed.

WE CONCUR:

_____

[10] We also note that Schlacks' reply brief purports to have been filed on behalf of himself as well as Hunt and her husband.  However, critical to this point, we have recognized that

[a] person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56, 586 P.2d 870 (1978).  But a layperson's right of self-representation applies "*only if the layperson is acting solely on his own behalf*" with respect to his own legal rights and obligations.  *Bar Ass'n*, 91 Wn.2d at 57.

*Dutch Vill. Mall, LLC v. Pelletti*, 162 Wn. App. 531, 536, 256 P.3d 1251 (2011) (emphasis added).  Consistent with this rule, Schlacks expressly identifies himself as "Lyle P. Schlacks, *pro se*" on the cover of both his opening and reply briefs.  (Emphasis added.)  Black's Law Dictionary defines "pro se" as a Latin phrase that means "for oneself."  BLACK'S, *supra,* at 1478.

"'Washington law, with limited exception, requires individuals appearing before the court on behalf of another party to be licensed in the practice of law.'" *Dutch Vill. Mall*, 162 Wn. App. at 535 (quoting *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.,* 91 Wn. App. 697, 701, 958 P.2d 1035 (1998)).  Schlacks asserts through his self-identification that he is a pro se appellant and has not otherwise demonstrated that he is licensed in the practice of law or that the limited exception to that requirement applies to the matter before us.  Thus, to the extent that he seeks to assert the rights and interests of Hunt and her husband in his appeal, we decline to consider such an assertion.

Finally, while Schlacks' reply brief appears to be signed by "Maria Hunt, pro se" and "Oliver C. Hunt, pro se," neither filed a notice of appeal in this case and, as such, they are not parties to this appeal.

[11] Kings-Men requests that we impose sanctions against Schlacks on the basis that his appeal in this matter is frivolous.  We deny Kings-Men's request.  While Schlacks does not have standing to appeal the final judgment entered against Hunt, we decline to hold that his appeal was frivolous.

- 8 -